## LELA ROSE McLEAN WHITESIDES v. HENRY MONROE WHITESIDES, SR.

(Filed 11 October, 1967.)

**1. Divorce and Alimony § 16—**

In an action for alimony without divorce, a judgment, entered by consent of the parties, which orders defendant to make alimony payments to his wife, is valid and is enforceable against the husband by attachment for contempt, notwithstanding the absence of allegations or findings that the separation was caused by the misconduct of the husband.

**2. Judgments § 9—**

A judgment entered by consent of all the parties is valid and enforceable, although its provisions are outside the issues raised by the pleadings, if the court has jurisdiction of the parties and the matters adjudicated.

APPEAL by plaintiff from an order entered June 7, 1967, by *McLean, J.,* Judge Presiding over the courts of the Twenty-Seventh Judicial District, in chambers, in an action pending in GASTON Superior Court.

Plaintiff instituted this action June 24, 1966, under G.S. 50-16, for (permanent) alimony without divorce, and for reasonable subsistence and counsel fees *pendente lite.*

In brief summary, plaintiff alleged: She and defendant were married on December 23, 1955. Three children were born of their marriage. She and defendant lived together until March 12, 1966, "at which time the defendant separated himself from the plaintiff, and since that time the defendant has failed to provide to the plaintiff and the minor children the necessary subsistence according to the defendant's means and condition in life." "(D)ue to the ages of the children, it is to the best interest of the minor children that their custody be awarded to the plaintiff." She is not gainfully employed and has no assets other than those enumerated in the complaint. Properties owned by plaintiff and defendant and the income of the defendant are set forth in detail.

Answering, defendant denied that, since their separation on March 12, 1966, he had failed to provide plaintiff and the children of the marriage necessary subsistence according to his means and station in life. Except as stated, defendant admitted all of plaintiff's allegations.

The complaint and answer were filed on June 24, 1966, on which date an order was entered by Houk, J., Judge Presiding over the June 20, 1966 Civil Schedule A Session of Gaston Superior Court, which recited the parties, through their counsel, had "stipulated and agreed that it was to the best interest of the plaintiff and the de-

fendant for a permanent order of alimony to be entered," and had filed a written waiver of jury trial. The order provides that the court, "(a)fter considering the pleadings and evidence," makes findings of fact and conclusions of law as set forth therein. Thereafter, the order provides: "By and with the consent of the plaintiff and the defendant, and with the approval of their attorneys of record, IT IS ORDERED, ADJUDGED AND DECREED as follows: 1. Beginning on the 1st day of July, 1966, and on the 1st day of each and every month thereafter, pending further orders of the Court, the defendant shall pay direct to the plaintiff the sum of $1,065.33 per month for the support and maintenance of the plaintiff and the minor children born of the marriage." Further provisions of the order required defendant to make additional mortgage, insurance and tax payments. The order awarded custody of the children to plaintiff and set forth visitation privileges allowed defendant. Plaintiff was awarded the use of the home at 2650 Armstrong Circle, Gastonia, North Carolina, for her benefit and that of the children born of the marriage. The court ordered that defendant pay a fee of $1,000.00 to plaintiff's counsel. Paragraph 11 of said order is in these words: "This Order is more than a simple Consent Order and upon proper cause shown, the Court shall subject the parties to such penalties as may be required by the Court in case of contempt." The order concludes: "This cause is retained pending further orders of the Court." Plaintiff and defendant, both in person and by their then counsel, signed their consent to the court's said order.

On November 14, 1966, defendant, represented by different counsel, filed a motion that the order dated June 24, 1966, be declared null and void on the ground that the complaint does not state a cause of action upon which to predicate a valid judgment; and, if this motion were denied, that said order of June 24, 1966, be modified by reducing the payments for alimony and support because of material changes in circumstances since June 24, 1966. Defendant's said motion came on for hearing before Bryson, J., on November 30, 1966. An order entered by Judge Bryson on that date recites that "the defendant through counsel withdrew the demurrer and proceeded upon his motion to modify the judgment dated June 24, 1966." Thereafter, the court, "after considering the evidence and statement of counsel," made findings of fact and conclusions of law, and based thereon, "ORDERED, ADJUDGED AND DECREED: 1. That paragraph one of said order (of June 24, 1966) be modified as follows: 'That the monthly payments of $1,065.00 be reduced to the sum of $600.00 per month, said payment of $600.00 per month to begin on December 1, 1966.' Except for the monthly payment for

support and maintenance of the plaintiff and minor children, the remaining provisions of paragraph one of said order shall remain in full force and effect." Judge Bryson's order also (1) modified the provision of said order of June 24, 1966, relating to defendant's visitation rights, (2) allowed plaintiff's attorney an additional fee of $500.00, (3) provided that the order of June 24, 1966, except as modified, remain in full force and effect pending further orders of the court, and (4) retained the cause for further orders.

On December 10, 1966, *defendant* filed a motion that plaintiff be cited for contempt for wilful failure to comply with Judge Bryson's order of November 30, 1966, with reference to defendant's visitation privileges. The record does not show what action, if any, was taken with reference to this motion.

On May 12, 1967, defendant filed a motion that said order of June 24, 1966, be declared null and void on the ground the complaint did not state a cause of action on which to predicate a valid judgment; and, if this motion were denied, that said order of June 24, 1966, be modified further because of material changes in circumstances. Simultaneously, defendant filed a paper entitled "Demurrer." This purported demurrer asserts the order of June 24, 1966, should be declared null and void because the complaint contains no allegations and the order contains no factual findings to the effect the separation was caused by misconduct of defendant and without fault on the part of plaintiff.

After a hearing on defendant's purported demurrer, Judge McLean entered a judgment in which it was "ORDERED, ADJUDGED AND DECREED that the defendant's demurrer be, and the same is hereby sustained, and the plaintiff is given thirty days from the date of this judgment in which to file an amended Complaint and the defendant shall have thirty days after the filing of an amended Compaint in which to file answer, demurrer, or otherwise plead."

Plaintiff excepted to Judge McLean's judgment and appealed therefrom.

*Sanders, Walker & London and Larry Thomas Black for plaintiff appellant.*

*Hollowell, Stott & Hollowell and Ernest R. Warren for defendant appellee.*

BOBBITT, J. The judgment of June 7, 1967, from which plaintiff appeals, does not refer to the order of June 24, 1966, entered by Judge Houk or to the modification thereof by order of November 30, 1966, entered by Judge Bryson. By sustaining the purported

post-judgment demurrer to the complaint and providing for the filing of new pleadings, Judge McLean seemingly treated as void the prior orders of Judge Houk and Judge Bryson.

Plaintiff did not allege, nor did the court find, either in terms or in substance, that the separation was caused by defendant's misconduct and not by any fault or misconduct on her part. However, whether plaintiff's allegations or the court's findings would be deemed defective if they had been challenged in apt time and in proper manner is not presented. The question for decision is whether the "permanent order of alimony" entered by the court on June 24, 1966, and consented to by the parties and their attorneys, is void on account of asserted deficiencies, if any, in plaintiff's allegations and in the court's findings.

The order of June 24, 1966, is a judgment of the Superior Court of Gaston County, which had jurisdiction of the parties and of the subject matter. It does not merely recite and approve the terms of an agreement entered into between the parties, but *orders* defendant to make the payments and to comply with the conditions set forth therein. *Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882, and cases cited; *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; 2 Lee, North Carolina Family Law, § 152; 40 N.C.L.R. 530.

In *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576, plaintiff (husband), simultaneously with the issuance of summons, applied for an extension of time to file complaint, stating the purpose of his action was "(t)o obtain a divorce from the defendant, *a mensa et thoro.*" No pleadings were filed. A judgment was entered, based on consent, in which plaintiff was ordered to make specified payments "(i)n lieu of alimony, or other marital rights or obligations, . . ." Pertinent to the cause of their separation, the court's factual findings were that plaintiff and defendant "lived together as man and wife until 9 June, 1939, . . . that plaintiff and defendant, being unable to live together agreeably as husband and wife, have lived separate and apart since 9 June, 1939, and that differences and disagreements existing between them render it reasonably necessary to their health and happiness that they continue to live separate and apart, . . ." This Court, in opinion by Winborne, J. (later C.J.), stated: " 'Can alimony against the husband be awarded when there is no allegation, evidence or finding that he was the party at fault?' In an adversary proceeding the answer would be, 'No,' but where, as here, the parties acted in agreement and the judgment was entered by consent, the answer is, 'Yes.' " The court quoted with approval this statement from the opinion in *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209: "It is generally held that provisions in

judgments and decrees entered by consent of all the parties may be sustained and enforced, though they are outside the issues raised by the pleadings, if the court has general jurisdiction of the matters adjudicated."

In *Edmundson,* the judgment contained the following provision: "The money payments provided herein shall be more than a simple judgment for debt. They shall be as effectively binding upon plaintiff as if rendered under and by virtue of the authority of section 1667, Consolidated Statutes of North Carolina, and the failure of plaintiff to make the payments, as required by this judgment, shall, upon proper cause shown to the court, subject him to such penalties as may be required by the court, in case of contempt of its orders." It was held valid and enforceable against plaintiff by attachment for contempt. The statute then codified as C.S. 1667, as amended in respects not material to this appeal, is now codified as G.S. 50-16.

In *Edmundson,* three Justices dissented. Devin, J. (later C.J.), and Schenck, J., dissented solely on the ground the *Special* Superior Court Judge who entered the judgment had no authority or jurisdiction to do so after expiration of the term of court at which the matter was heard. Seawell, J., dissented on this ground and also on additional grounds, namely, (1) that the court had no authority to convert the action from an action for divorce from bed and board into an action for alimony without divorce under C.S. 1667, and (2) that the consent judgment was "in reality a judgment for debt" and was not enforceable against plaintiff by attachment for contempt.

*Edmundson* has been cited with approval in later cases including *Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d 370; *Stancil v. Stancil, supra; Bunn v. Bunn, supra.*

On legal principles stated and applied in *Edmundson,* it is clear the order of June 24, 1966, entered by Houk, J., as modified by the order of November 30, 1966, entered by Bryson, J., is valid *and* is enforceable against defendant by attachment for contempt.

For the reasons stated, the judgment of June 7, 1967, purporting to sustain defendant's post-judgment "Demurrer," is reversed and vacated.

Reversed.