EDITH OPAL LEMONS v. ROGER EDWIN LEMONS

No. 7415DC422

(Filed 3 July 1974)

1. **Divorce and Alimony § 8— abandonment — sufficiency of evidence**

    Evidence which tended to show that plaintiff and defendant agreed on a separation after which defendant moved out of the trailer home leaving plaintiff in possession was insufficient to require submission of the issue of abandonment to the jury in this action for divorce from bed and board, alimony and attorney fees.

2. **Divorce and Alimony § 18— alimony — wife as dependent spouse — insufficiency of evidence**

    Evidence was insufficient to show that plaintiff wife was the dependent spouse where it tended to show that she had worked during the entire marriage, that she was earning more money than defendant at the time of the separation,. and that her income exceeded her reasonable expenses.

APPEAL by defendant from *Allen, Judge,* 24 October 1973 Session of District Court held in ALAMANCE County.

Plaintiff wife instituted this action seeking a divorce from bed and board, alimony, and attorney fees. In her complaint she alleges that she and defendant were married on 2 October 1970 and were separated on 6 May 1973. There were no children of the marriage. Plaintiff's cause of action is based upon alleged misconduct of the defendant as supporting spouse which she asserts constituted (1) such indignities to her person as to render her condition intolerable and life burdensome and (2) abandonment.

Defendant denied the allegations of the complaint, including the allegation that he was the supporting spouse, and set up a further defense alleging that the conduct of plaintiff was responsible for the separation.

The jury answered issues in favor of the plaintiff and judgment was entered granting the plaintiff divorce from bed and board and awarding alimony.

Defendant has appealed to this Court.

*Clark, Tanner & Williams, by Eugene S. Tanner, Jr., for plaintiff appellee.*

*David I. Smith for defendant appellant.*

BALEY, Judge.

Defendant assigns as error the refusal of the court to grant his motion for a directed verdict. In our view the evidence when viewed in its most favorable light for the plaintiff was not sufficient for submission to the jury, and defendant's motion for a directed verdict should have been granted.

[1] No useful purpose is served by recounting details of the marital difficulties of plaintiff and defendant and endeavoring to assess fault. Suffice to say, plaintiff's own testimony shows that before the separation she and the defendant discussed such separation and agreed that it would be best if they separated. As a consequence of this agreement, defendant moved out of the trailer home leaving plaintiff in possession.

There is no abandonment when the separation is by mutual agreement. *Panhorst v. Panhorst,* 277 N.C. 664, 178 S.E. 2d 387.

[2] Then, too, the evidence was not sufficient to show that plaintiff was a dependent spouse. A dependent spouse is defined in G.S. 50-16.1 (3) as "a spouse, whether husband or wife, who is actually subtantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

During the entire marriage plaintiff had worked at Western Electric and was earning more money than defendant at the time of the separation. Her income exceeded her reasonable expenses. There was no showing of a subtantial need for support from defendant or to maintain her accustomed station in life. She was in no sense a dependent spouse within the meaning of G.S. 50-16.1 (3).

Alimony is not awarded as a punishment for a broken marriage, but for demonstrated need. Under G.S. 50-16.2 it can be awarded only to a dependent spouse.

For the reasons stated, the judgment of the trial court is reversed.

Reversed.

Judges MORRIS and HEDRICK concur.