RALPHETTA T. COX v. CHARLES R. COX

No. 7726DC528

(Filed 6 June 1978)

**Divorce and Alimony § 16.8— alimony—consent judgment adopted by court—absence of finding of dependency**

The trial court erred in declaring invalid a consent judgment ordering the payment of permanent alimony, which was adopted by the court and en-

forceable by contempt proceedings, because the consent judgment did not contain a finding that the payee-wife was a dependent spouse as required by former G.S. 50-16.

APPEAL by plaintiff from *Brown, Judge*. Order entered 22 April 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 30 March 1978.

Plaintiff-wife sued defendant-husband in 1968 for alimony pendente lite, permanent alimony and child support. Prior to the hearing, set to show cause why he should not be ordered to pay a reasonable subsistence for plaintiff and the minor child, the parties entered into and signed a consent judgment, which the court adopted. The court ordered the defendant to pay into the office of the Domestic Relations Court $175 per month, $75 for child support and $100 for alimony, and also ordered:

> "8. That this Judgment is to have the same effect as if this matter was heard by the Court and this Judgment entered, and either party may be in contempt of this Court for wilful failure to abide by this Judgment; . . ."

Defendant was found in contempt of this order on several occasions. Defendant moved in 1976 for a hearing on the issue of whether the court should modify its order, reducing the amount of alimony. Plaintiff requested a hearing at which defendant would show cause why he should not again be found in contempt. The order found as a fact that defendant was still able to pay the full amount and concluded that he was in contempt. The parties then, on 7 May 1976, entered into another consent judgment adopted by the court, which eliminated defendant's arrearages and which ordered, in part, that defendant pay $3,000 to plaintiff in a lump sum and to pay $100 per month permanent alimony. Defendant paid the $3,000, but by court order of 25 October 1976 was found in contempt for failing to comply with the $100 monthly support provisions.

In December 1976, defendant again moved for a hearing on the issue of modification of the alimony order. At hearing, defendant's evidence tended to show that he made about $100 less a month than he needed to meet expenses, that he had remarried, bought a house and incurred medical expenses, and that a summer teaching job that had brought in an additional $3,000 income

Cox v. Cox

was no longer available. Plaintiff's evidence tended to show that her net income was $824.63, her expenses $700 and that she tried to make a monthly deposit of $100 to her savings account which presently contained $4,000, $3,000 of which defendant had paid to her under the May 1976 consent order.

The court found as fact that the 1968 consent judgment ordered that defendant pay permanent alimony, as did the 1976 order of $100 per month. The court further found that defendant needed approximately $70 more a month than he made to meet expenses, that he had undergone major surgery in 1976 and had outstanding medical bills in excess of $1,099, that plaintiff made more than $100 more a month than she needed to meet her expenses, and that she regularly made $100 monthly savings account deposits. The court then found that there had never been a finding of dependency on behalf of the plaintiff in any of the prior orders and that plaintiff was not now a dependent within the meaning of G.S. 50-16.1. The court concluded that, as the issue of dependency had never been determined, the prior orders granting alimony were invalid, and that, as the dependency of the spouse receiving alimony is a continuing requirement which was not met by plaintiff, defendant's obligation to pay back alimony and future alimony "shall cease until such time as this Order may be modified by a future Order of this Court." The court stated that it did not reach defendant's motion to modify the prior orders due to changed circumstances. From this order, plaintiff appeals.

*Sanders, London & Welling by Charles M. Welling for plaintiff appellant.*

*Calvin L. Brown for defendant appellee.*

CLARK, Judge.

The issue raised by this appeal is whether the trial court erred in declaring invalid a consent judgment, which was adopted by the court and enforceable by contempt proceedings, because the consent judgment did not contain a finding that the payee-wife was a dependent spouse as required by G.S. 50-16.

A statutory mandate which contemplates the production of a trial record sufficient to permit proper appellate review should not be held to apply automatically to a consent judgment which

ends litigation, and, by its very nature, contemplates no appellate review. Rather, a consent judgment should be examined more generally to see if it is fair, if it does not contradict statutory or judicial policy. Two cases decided under former G.S. 50-16 contain helpful language, although they are not clear precedent because G.S. 50-16 (repealed in 1967) did not mandate specific findings of fact as does G.S. 50-16.8(f). *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964); *Caudle v. Caudle*, 206 N.C. 484, 174 S.E. 304 (1934). In both cases a consent judgment was upheld which ordered the payment of alimony even though "[p]laintiff did not allege, nor did the court find, either in terms or in substance, that the separation was caused by defendant's misconduct and not by any fault or misconduct on her part." *Whitesides v. Whitesides*, 271 N.C. 560, 563, 157 S.E. 2d 82, 84 (1967). *Edmundson v. Edmundson*, 222 N.C. 181, 22 S.E. 2d 576 (1942), stated:

> " 'Can alimony against the husband be awarded when there is no allegation, evidence or finding that he was the party at fault?' In an adversary proceeding the answer would be 'No,' but where, as here, the parties acted in agreement and the judgment was entered by consent, the answer is 'Yes.' . . ." 222 N.C. at 186, 22 S.E. 2d at 580.

In the case *sub judice*, the consent judgments were clearly valid as court orders and were properly enforced by the contempt power of the court. 2 Lee, N.C. Family Law, § 152 (1976 Cum. Supp. pp. 88-90). Defendant was in fact found in contempt for wilful failure to comply with the consent judgments. He did not appeal from the orders finding him in contempt. Thus defendant is not in a position to contend, and does not in this appeal contend, that the consent judgments were mere contracts between the parties and not enforceable by contempt.

The statutory policy behind the requirement of G.S. 50-16.2 that only a "dependent spouse" is entitled to alimony is to protect a non-supporting spouse from serious economic harm by making payments to the spouse who does not need support. *Lemons v. Lemons*, 22 N.C. App. 303, 206 S.E. 2d 327 (1974). The fact that the defendant agreed to pay monthly alimony is proof enough that he needed no further protection.

Under G.S. 50-16.9(a) a consent order for alimony or alimony pendente lite "may be modified or vacated at any time, upon mo-

tion in the cause and a showing of changed circumstances. . . ." It is obvious in the case before us that the defendant offered some evidence of changed circumstances, and the evidence may have been sufficient to support a finding by the trial court of changed circumstances within the meaning of G.S. 50-16.9(a) which would justify a modification or vacation of the consent judgments. But the trial court failed to comply with the statutory mandate and erroneously ruled that the prior consent judgments were invalid for failure of the court to make a finding of dependency.

Because of this error in the ruling of the trial court we must remand this cause for a *de novo* hearing. A remand for the limited purpose of determining if the evidence presented at the 12 April 1977 hearing was sufficient to support a finding of changed circumstances would not be appropriate in view of the time lapse since that hearing with possible changes which should be considered by the court in determining the alimony issue. The cause is remanded for hearing and determination consistent with this opinion.

Reversed and remanded.

Judges BRITT and ERWIN concur.