LUCY BLOUNT WILLIAMS v. ALFRED WILLIAMS III

No. 7810DC823

(Filed 3 July 1979)

1. **Divorce and Alimony § 17.1— erroneous finding that wife is dependent spouse**

    The trial court erred in finding that plaintiff wife is a dependent spouse and in awarding her alimony where the evidence showed that she has a net worth of $761,925 and an income of $22,000 per year; throughout her marriage to defendant she expended her entire income and $2,000-$4,000 of her savings each year to maintain the high standard of living of the parties; defendant's maximum contribution to household expenses was $800 per month plus a $200 mortgage payment and payment of some utilities; plaintiff made the major contributions to the costs of building and furnishing the family home; plaintiff's net worth increased some $8,000 in the eleven months prior to trial; and plaintiff invaded her principal assets during the year prior to trial no more than she did during the last five or six years the parties lived together.

2. **Divorce and Alimony § 27— award to wife of counsel fees and expenses of prosecuting action—wife not dependent spouse**

    In an action for alimony upon divorce from bed and board, the court erred in awarding counsel fees to plaintiff where she is not a dependent spouse. Fur-

thermore, the court erred in awarding plaintiff an amount as "reasonable expenses" of prosecuting the suit since (1) she is not a dependent spouse and (2) there is no statutory authorization for an award of such "expenses."

**3. Divorce and Alimony § 24.6— child support—necessity for finding needs of child**

The trial court erred in ordering defendant husband to pay child support of $450 per month where there were no evidence and findings as to the actual needs of the child.

Judge ERWIN dissenting.

APPEAL by defendant from *Parker, Judge*. Judgment entered 8 May 1978 in District Court, WAKE County. Heard in the Court of Appeals 25 May 1979.

In this action for divorce from bed and board, the parties stipulated for the purpose of the hearing on alimony and child custody and support that grounds for alimony exist by virtue of defendant husband's abandonment of the plaintiff. The trial court found that plaintiff's net worth is $761,975 and her annual income from interest and dividends is $22,000; defendant's net worth is $870,165.43 and in 1977 his gross income was $116,660. The court found plaintiff's reasonable monthly expenses to be in excess of $3,500, concluded that she is the dependent and defendant the supporting spouse, and awarded her alimony of $1,000 per month plus mortgage and other payments. For the one minor child plaintiff was awarded $450 per month child support, medical expenses, and private school expenses of some $4,500 per year. Defendant was also ordered to pay $3,000 each to plaintiff's two attorneys, and to pay plaintiff $2,500 as expenses of this action. Defendant appeals.

*Gulley, Barrow & Boxley, by Jack P. Gulley, for plaintiff appellee.*

*Hunter & Wharton, by John V. Hunter III, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that the trial court erred in awarding alimony to the plaintiff, because she is not and never has been dependent upon him for her support. Only a dependent spouse is entitled to alimony. See G.S. 50-16.2. A dependent spouse is one

Williams v. Williams

"who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." G.S. 50-16.1(3). "Alimony is not awarded as a punishment for a broken marriage, but for demonstrated need." *Lemons v. Lemons*, 22 N.C. App. 303, 304, 206 S.E. 2d 327, 329 (1974).

Considering the facts of the case before us in light of these principles of law, we find that the trial court erred in awarding the plaintiff alimony. The plaintiff has a net worth of $761,975. Her income is $22,000 a year, and plaintiff's uncontradicted testimony is that throughout the marriage she has expended her entire income and $2,000-$4,000 of her savings each year to maintain the high standard of living which the parties enjoyed during their marriage. (Defendant's maximum contribution to the household expenses has been $800 per month in addition to the $200 mortgage payment and the payment of utilities other than the telephone.) Plaintiff also made the major contributions to the costs of building, furnishing and improving the family home. Plaintiff paid all the medical bills, sent the children to summer camp, and purchased all gifts for both sides of the family.

The trial court found that in the eleven months prior to trial, during the period of the parties' separation, plaintiff's net worth increased from $754,000 to $761,975. This in spite of the fact, according to plaintiff's testimony, that since the separation she has paid $7,000 cash for a new car and "traveled more than ever before"—three times to New Orleans, twice to Denver, to Atlanta and several times to Florida. Moreover, she has invaded her principal assets during the year prior to trial no more than she did each year during the last five or six years the parties lived together.

The evidence completely fails to support the trial court's finding that plaintiff is substantially dependent upon the defendant or in need of maintenance and support from him. The award of alimony to the plaintiff is reversed.

[2] Upon the same ground, the award of counsel fees to the plaintiff is error. G.S. 50-16.4 allows an award of counsel fees "[a]t any time that a *dependent* spouse would be entitled to alimony pendente lite." (Emphasis added.) Since there is no evidence that

plaintiff is a dependent spouse, the award of counsel fees cannot stand.

Further, plaintiff is not entitled to the $2,500 awarded to her by the trial court as "reasonable expenses" of prosecuting this suit, both because we have determined that she is not a dependent spouse, and because G.S. 50-16.4 provides only for the award of "reasonable counsel fees," making no mention of "expenses."

[3] Defendant does not contest the portion of the Judgment for Child Support which requires him to pay the private school expenses of his minor son. He does contend that the portion of the judgment ordering him to pay $450 per month in child support is error. He argues that there is no evidence to support the court's finding that "[t]he plaintiff needs $450 per month from the defendant to enable the plaintiff properly to provide for the comfort, welfare and needs of the minor son." Defendant is correct.

G.S. 50-13.4(c) provides that "[p]ayments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance." To determine the amount of support that will meet the reasonable needs of the child, the court must make specific findings as to what actual past expenditures have been. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978). This the trial court has failed to do. Furthermore, it could not have made such findings from the evidence contained in the record.

Plaintiff offered no testimony that showed the actual needs of the minor son, Don, who is away from home at private school eight months a year. She estimated that she needed a total of $6,754 each month "for me and Don." In her affidavit of financial standing she listed $451 per month as "Support for children not living with affiant," but she testified that "part of that" relates to Don and part to the other children, who have reached their majority and no longer live at home. She testified, "I contribute to all the children's welfare. I cannot tell you for sure how much of the four hundred fifty-one is solely for Don." Nor was she able to testify how much she sent him for spending money at school, or spent on his transportation to school and back. In the absence of any evidence of the child's actual needs, the monthly child support award must be vacated and remanded.

Finally, defendant contends that the trial court erred in finding that plaintiff "bought and paid for essentially all of the furniture, furnishings, decoration in the marital home and they are owned by her in her own name" and concluding that "[t]he furniture, furnishings and decorations in the marital home are the lawful property of the plaintiff." He relies on plaintiff's testimony, as follows:

> I bought and paid for every piece of furniture and object of art in the house except the leather pieces which came from Alfred Williams and Company. They are still in the house. There are three pieces in the library, a small sofa and two lounge chairs. There is one in my bedroom. There is one in an upstairs bedroom, a chair each. And then the leather furniture, which is twenty-five years old, in our playroom he and I gave to each other. I paid for half of that, so that's five pieces.

The evidence as a whole supports the trial court's finding that plaintiff "bought and paid for *essentially* all of the furniture" (emphasis added), but this finding does not in turn support the conclusion that "[t]he furniture, furnishings and decorations in the marital home are the lawful property of the plaintiff." No evidence was presented to show who owns the items which "came from Alfred Williams & Company," and plaintiff's uncontradicted testimony shows that she and defendant own the playroom furniture jointly. The trial court's judgment that "[t]he furniture, furnishings and decorations now in the marital home are and shall continue to be the property of the plaintiff" is modified accordingly.

The judgment of the trial court regarding alimony and counsel fees and expenses is reversed. The portion of the judgment referring to ownership of furniture in the family home is modified to the end that it does not decide ownership of the playroom furniture or furniture from Alfred Williams and Company. The portion of the judgment ordering defendant to pay $450 per month child support is vacated and remanded.

Reversed in part.

Vacated and remanded in part.

Modified and affirmed in part.

Judge MARTIN (Robert M.) concurs.

Judge ERWIN dissents.

Judge ERWIN dissenting.

I agree with all portions of the majority's opinion EXCEPT that portion which reverses the award of alimony to the plaintiff. I vote to affirm the award of alimony on the grounds that the finding of fact by the trial judge was supported by competent evidence and that the defendant is the supporting spouse.