JOE McLEOD v. JANET WIGGS McLEOD

No. 7812DC1107

(Filed 18 September 1979)

1. **Divorce and Alimony §§ 16.9, 24.1— amount awarded for alimony and child support**

    The trial court did not err in ordering plaintiff husband to pay alimony of $1500 per month and child support of $1000 per month in an action in which the evidence showed that the parties had a gross income for 1976 of over $91,000, of which only $3,000 was the separate income of defendant wife, and a gross income for 1977 of nearly $90,000, of which $5,300 was the separate income of defendant wife.

2. **Divorce and Alimony § 27— erroneous award of counsel fees to wife**

    The trial court erred in awarding defendant wife counsel fees in an action in which plaintiff husband was ordered to pay alimony and child support where the evidence showed that the wife had $27,000 in a savings account which would enable her to employ adequate counsel.

APPEAL by plaintiff from *Grant, Judge.* Judgment entered 16 June 1978 in District Court, CUMBERLAND County. Heard in the Court of Appeals 21 August 1979.

On 3 November 1978, plaintiff husband instituted this action against defendant wife seeking an absolute divorce. Defendant filed an answer and counterclaim. Before trial it was stipulated that defendant was a dependent spouse and entitled to alimony. The matter came on for hearing before Judge Grant with the only matters in controversy being the amount of alimony and child support for their two children, and whether the defendant is entitled to counsel fees from plaintiff. On the basis of extended exhibits and testimony, the court found facts that the parties' joint federal income tax returns showed a gross income for 1976 of $91,256.56, of which approximately $3,000.00 was the separate income of the defendant, and a gross income for 1977 of $89,914.61, of which approximately $5,300.00 was the separate income of the defendant. No exception was taken from these findings of fact. The court ordered plaintiff to pay $1,500.00 per month as alimony and $1,000.00 per month for child support. He was also ordered to pay medical and dental expenses for his wife and children, to maintain a medical insurance policy for them, to deliver to the defendant the title to a 1974 Cadillac, and to pay attorney fees to

be fixed by subsequent order. The defendant was awarded possession of the parties' home with its furnishings. Plaintiff appealed.

*Williford, Person and Canady, by N. H. Person, and McLeod and Senter, by William L. Senter and Joe McLeod, Pro Se, for plaintiff appellant.*

*Jordan, Morris and Hoke, by John R. Jordan, Jr. and Joseph E. Wall, and Clark, Shaw, Clark and Bartlett, by Heman R. Clark, for defendant appellee.*

WEBB, Judge.

[1]  Plaintiff contends the amounts awarded as alimony and child support were too liberal, not supported by the evidence and constitute an abuse of discretion. This contention is without merit. The award of alimony is governed by G.S. 50-16.5(a) which says:

> Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case.

Child support is governed by G.S. 50-13.4(c) which says:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case.

We hold that using these sections of the statute as a guide, the court was well within its discretion in the amount of alimony and child support which was ordered. In support of the motion for alimony, the defendant has filed an affidavit itemizing her various expenses. The plaintiff argues that some of these items of expense are not proper. We do not feel this should be determinative. In a case such as this, with the substantial income of the plaintiff as compared to the limited income of the wife, we believe the court is required by the statute to award the wife such alimony as will allow her to live as the wife of a man of plaintiff's income is entitled to live. The amount of alimony awarded in this case is not too generous by this standard. *See*

*Beall v. Beall,* 290 N.C. 699, 228 S.E. 2d 407 (1976); *Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975), and *Schloss v. Schloss,* 273 N.C. 266, 166 S.E. 2d 5 (1968). Child support is governed by the same rule. For a man with the income of the plaintiff, $1,000.00 per month is not unreasonable for the support of his two children. We are aware that this Court has held in *Williams v. Williams,* 42 N.C. App. 163, 256 S.E. 2d 401 (1979) and *Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978) that in order to support an order for child support, the court must make certain findings of fact. We hold that the findings made by the court in this case as to the income of plaintiff are adequate to support the child support awarded. Children of a man of plaintiff's income are entitled to live accordingly.

[2] The appellant also assigns as error the finding that he must pay the defendant's counsel fees. This assignment of error has merit. In order for the defendant to be awarded counsel fees from plaintiff, she must show that she needs such counsel fees to enable her, as a litigant, to meet her husband on substantially even terms by making it possible for her to employ adequate counsel. *Schloss v. Schloss, supra,* and *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972). In this case the evidence is that among the assets of defendant is $27,000.00 in a savings account. This should enable defendant to employ adequate counsel.

We affirm the judgment of the district court as to the award of alimony and child support, and reverse as to ordering the plaintiff to pay defendant's attorney fees.

Affirmed in part and reversed in part.

Judges PARKER and MARTIN (Robert M.) concur.