VERA H. QUICK v. W. B. QUICK

No. 8010DC865

(Filed 21 July 1981)

**1. Divorce and Alimony § 18.10— amount of alimony—findings not required**

Findings of fact are not required when the only issue for the court is the amount of alimony.

**2. Divorce and Alimony § 16.8— amount of alimony**

Where the evidence showed that the parties owned a house and lot as tenants in common which they offered for sale for $180,000, that they owned as tenants in common two store buildings, that defendant owned 2,900 of 3,000 outstanding shares of a realty company, that defendant's net worth was over $600,000, that defendant's net income at the time of the hearing on plaintiff's claim was $2,151 per month, and that plaintiff was the dependent spouse entitled to alimony, the trial court was required by G.S. 50-16.5(a) to enter an order for alimony which would enable the dependent spouse to live as the wife of a man with such an estate was entitled to live.

**3. Divorce and Alimony § 16.8— amount of alimony—consideration of dependent spouse's property**

There was no merit to defendant's contention that the trial court erred in failing to consider the value of plaintiff's estate in determining the amount of alimony to which she was entitled, though the court found the value of plaintiff's property to be unknown, since the court might take into account that a dependent spouse has property, although its value may not be precisely known, in considering the estates of both parties.

**4. Divorce and Alimony § 16.8— alimony award—depletion of estate not required**

There was no merit to defendant's contention that he would be required to deplete his estate in order to pay alimony awarded by the trial court.

**5. Divorce and Alimony § 16.8— size of supporting spouse's estate—evidence admissible**

Evidence of the financial status of a corporation in which defendant, who was the supporting spouse, owned more than 96% of the stock was relevant

and competent in determining the size of his estate for the purpose of setting the amount of alimony to which plaintiff was entitled.

**6. Divorce and Alimony § 18.16— award of counsel fee proper**

Where plaintiff testified that she had no income except the rental from her property and temporary alimony, all of which was required for living expenses, it was not error for the trial court to award counsel fees to plaintiff in her action for permanent alimony.

APPEAL by defendant from *Barnette, Judge.* Order entered 9 April 1980 in District Court, WAKE County. Heard in the Court of Appeals 31 March 1981.

Plaintiff instituted this action seeking permanent alimony. The parties stipulated that the plaintiff is a dependent spouse within the meaning of G.S. 50-16.1(3), that defendant is a supporting spouse within the meaning of G.S. 50-16.1(4), and that plaintiff has grounds for alimony as provided for in G.S. 50-16.2. The only issue before the court was the amount of alimony to which the plaintiff was entitled. The evidence showed that plaintiff and defendant were married in 1945 at which time they were both twenty years of age. At the time of their marriage, neither party possessed substantial financial resources.

The parties separated in 1978 and were divorced in 1979. At the time of the hearing, they owned a house and lot in Jacksonville, North Carolina, as tenants in common which they had offered for sale for $180,000.00. They also owned as tenants in common two store buildings in Jacksonville, North Carolina. The defendant owned 2,900 of 3,000 outstanding shares of Carmen Realty Co., Inc. Among the assets of Carmen Realty Co., Inc. was a certificate of deposit for $108,000.00; seven store buildings, two of which were rented, in Jacksonville, North Carolina; a parking lot; a vacant lot; and a one-half undivided interest in other real estate in Onslow County. On 28 October 1977, the defendant filed a financial statement with the First Citizens Bank and Trust Company which showed a combined net worth for defendant and Carmen Realty Co., Inc. of $1,179,511.38. On 12 September 1979, he filed a financial statement with the same bank which showed the combined net worth of defendant and Carmen Realty Co., Inc. to be $619,582.72.

The defendant's accountant testified the defendant had incomes of approximately $47,000.00 in 1978, $59,500.00 in 1979, and

projected an income for defendant of approximately $37,000.00 for 1980. The accountant testified the book value of Carmen Realty Co., Inc. after giving the buildings their depreciated value was approximately $174,000.00.

The court made findings of fact including a finding that the defendant's net income at the time of the hearing was $2,151.00 per month and his reasonable monthly living expenses were $3,800.00. The court also found that the defendant's stock in Carmen Realty Co., Inc. was worth approximately $174,000.00. The court found that the plaintiff needs $1,275.00 per month as permanent alimony and awarded her this amount. The court also awarded attorney fees to the plaintiff.

The defendant appealed.

*Brenton D. Adams for plaintiff appellee.*

*Tharrington, Smith and Hargrove, by J. Harold Tharrington and Carlyn G. Poole, for defendant appellant.*

WEBB, Judge.

[1, 2]  We affirm the judgment of the district court. It was held in *Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975) that findings of fact are not required when the only issue for the court is the amount of alimony. The evidence in this case is that the defendant is a man of substantial wealth. The plaintiff has a small income. We believe that when the evidence shows an estate in the supporting spouse comparable to the defendant's estate, and the dependent spouse is entitled to alimony, G.S. 50-16.5(a) requires the court to enter an order for alimony which will enable the dependent spouse to live as the wife of a man with such an estate is entitled to live. *See Williams v. Williams,* 299 N.C. 174, 261 S.E. 2d 849 (1980). The alimony awarded in this case was well within the discretion of the court.

[3]  The defendant contends the district court erred in failing to consider the value of the plaintiff's estate. The court found the value of the plaintiff's property to be unknown. This does not mean the court did not consider the evidence as to the value of the plaintiff's property. There was evidence as to its value, but it was certainly not conclusive. The court may take into account that a dependent spouse has property, although its value may not

be precisely known, in considering the estates of both parties. We believe the court did so in this case.

[4]  The defendant also contends the findings of fact show that the defendant will be required to deplete his estate in order to pay alimony. We do not believe the findings of fact should be so interpreted. We note that the court in finding that the value of the defendant's stock in Carmen Realty Co., Inc. is worth approximately $174,000.00, used the book value as testified to by the defendant's accountant. The corporation owns a certificate of deposit in the amount of $108,000.00. If the accountant's testimony as to the value is the correct value for the corporate assets, it means the total value of all other assets, including the extensive real estate assets in Onslow County, is $66,000.00. All the evidence is that the defendant is a man of substantial wealth. We believe this wealth can be invested so that it will produce an income sufficient for him to pay alimony without depleting his estate. *See Williams v. Williams, supra,* for a case involving estate depletion.

[5]  The defendant also assigns error to the court's refusal to quash a subpoena *duces tecum.* The plaintiff subpoenaed and offered into evidence the records of Carmen Realty Co., Inc. pertaining to corporate income, cash flow, depreciation, expenses, financial statements, and assets of the corporation. One of the relevant factors in determining the amount of alimony is the estate of the defendant. We believe this evidence of the financial status of a corporation in which he owned more than 96 percent of the stock was relevant and competent in determining the size of his estate.

[6]  The defendant also assigns error to the award of counsel fees to the plaintiff. In order for the dependent spouse to be awarded counsel fees, she must show that she needs such counsel fees to enable her, as a litigant, to meet her husband on substantially even terms by making it possible for her to employ adequate counsel. *McLeod v. McLeod,* 43 N.C. App. 66, 258 S.E. 2d 75, *disc. rev. denied,* 298 N.C. 807, 261 S.E. 2d 920 (1979). The plaintiff's testimony was that she had no income except the rental from her property and temporary alimony, all of which was required for living expenses. We hold that it was not error for the court to award counsel fees to the plaintiff.

Affirmed.

Judges HEDRICK and ARNOLD concur.