COASTAL PRODUCTION CREDIT ASSOCIATION v. GOODSON FARMS, INC., J. MICHAEL GOODSON AND WIFE, GREYLIN R. GOODSON; SAMUEL LIEBEN; AMERICAN FOODS, INC.; JEFF D. JOHNSON, III, Receiver; FEDERAL LAND BANK OF COLUMBIA, INC.; AND COMMODITY CREDIT CORP.

No. 834SC1193

(Filed 20 November 1984)

**Rules of Civil Procedure § 70— default under consent judgment—costs of seizure of property for public sale—payment of amount owed before sale**

Where a consent judgment directed defendants to pay an indebtedness owed to plaintiffs by a certain date and appointed a commissioner with the authority upon default by defendants to seize and conduct a public sale of the personal property of defendants to settle the indebtedness, the trial court had authority under G.S. 1A-1, Rule 70 to order defendants to pay costs associated with the seizure of their property for public sale after their default notwithstanding defendants paid the entire amount required by the consent judgment after the seizure of their property began and no public sale was ever conducted.

APPEAL by defendants from *Llewellyn, James D., Judge.* Order entered 8 August 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 30 August 1984.

Defendant debtors appeal from an order awarding plaintiff costs in the seizing and attachment of defendants' personal property pursuant to a consent judgment. Facts are set out as necessary in the opinion.

*Poyner, Geraghty, Hartsfield & Townsend, by Cecil W. Harrison, Jr., for defendants appellants.*

*Wells, Blossom & Burrows, by Richard F. Burrows, for plaintiff appellee.*

JOHNSON, Judge.

Plaintiff, an agricultural credit facility, filed suit in February 1982 on a promissory note executed by the Goodson defendants (hereinafter defendants) and secured by farm real estate and equipment. In December 1982, the parties entered into a consent judgment, by which plaintiff agreed to delay collection proceedings until 16 February 1983. Defendants agreed and were ordered to pay in full at that time. Defendants defaulted again, however, and plaintiff began seizure proceedings in March 1983. On 8 March 1983, defendants tendered partial payment which plaintiff refused. The plaintiff's collection activities were temporarily halted on 9 March 1983 by a court order enjoining the seizing of the property. On 21 March 1983, the temporary restraining order was dissolved and plaintiff began seizure proceedings anew. On 30 March 1983, the trial judge entered an Order staying further collection activities by plaintiff upon the posting of a bond by defendants. Pursuant to the court order, defendants posted bond and plaintiff ceased further collection activities. Plaintiff filed a motion on 24 May 1983 for costs, in the amount of $9,038.69, incurred in the seizure, inventory and organizing of defendants' personal property for sale. The trial court granted the motion, but reduced the amount of recovery to $7,375.09. Defendants appeal from this order.

Defendants assert that the trial court was without authority to order payment of costs associated with the seizure of their property for public sale after their default of a loan repayment ordered by a consent judgment. There was statutory authority for the trial judge to order defendants to pay those costs. The authority for the court to award costs can be found in G.S. 1A-1, Rule 70, which is made applicable by the consent judgment entered into by the parties. A consent judgment is a contract between the parties entered upon the record with the approval and sanction of the court. *Bland v. Bland*, 21 N.C. App. 192, 195, 203 S.E. 2d 639, 641 (1974). The consent judgment ordered the defend-

ants to pay the amount of $242,379.42, together with interest on the amount of $222,212.98 at the rate of 12.25% per annum. The order gave the defendants until 4:00 p.m. on 16 February 1983 to pay the indebtedness owed to plaintiffs together with all court costs, attorney fees or other amounts ordered therein.

Where a judgment directs a party to perform a specific act and the party fails to comply within the time specified, various methods by which enforcement of the judgment may be effected are set forth in G.S. 1A-1, Rule 70. The Rule provides in parts pertinent to this dispute the following:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the judge may direct the act to be done at the cost of the disobedient party by some other person appointed by the judge and the act when so done has like effect as if done by the party. . . .

G.S. 1A-1, Rule 70.

Defendants failed to perform the act, repaying the loan by 4:00 p.m. on 16 February 1983, as directed by the trial court and consented to by both parties. In the consent judgment, the trial court appointed Richard Burrows as Commissioner and gave him authority upon default by the defendants to seize and conduct a sale of the personal property of the defendants to settle the indebtedness. Defendants, after attempted seizure of the property by the appointed Commissioner, paid the entire amount set out in the consent judgment, therefore a resultant sale was not conducted. The fact a sale was not conducted does not, as defendants would suggest, strip the trial court of its authority to order costs. The procedures as set forth by Rule 70 were substantially complied with and gave the trial court the authority to order defendants to pay the costs of seizing the property.

Defendants argue in the alternative that assuming the trial court had authority to order the payment of costs, the court erred by awarding costs incurred after 8 March 1983. Defendants contend that any costs incurred after 8 March 1983 were unnecessarily incurred due to the fact they tendered the payment of the outstanding principal and interest on that date. We disagree. It is

well settled in this State that the recovery of costs in a civil action is totally dependent upon statutory authority and without such authority costs may not be awarded. *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972). The trial court had statutory authority to order costs in this action. G.S. 1A-1, Rule 70. Upon being granted that authority, the amount of the costs lies within the discretion of the trial court. The trial court in its order reduced some costs of plaintiff reflecting the court's finding as to the reasonableness of the security charges. The court had authority to order these costs and we do not find that the trial court abused its discretion in ordering the defendants to pay $1,300.00 to Sanderson Tractor and Equipment Company and $6,-075.09 to Dixieland Agency, Inc. The court made findings of fact and conclusions of law as to the reasonableness of the costs and we will not disturb this award absent abuse of discretion. The order of the trial court is affirmed.

Judges WEBB and PHILLIPS concur.