HENRY M. DAVIS v. INEZ SIMMONS DAVIS

No. 8510DC596

(Filed 17 December 1985)

**Divorce and Alimony § 19.5— consent decree—payment of medical expenses—no alimony**

The trial court erred in entering an order *ex mero motu* declaring portions of previous consent judgments null and void and unenforceable *ab initio* and in striking them since the parties did not intend for plaintiff's payment of "all necessary and reasonable medical expenses incurred by defendant" to constitute alimony payments; a paragraph in the parties' deed of separation was clearly an express waiver of alimony payments by defendant; at no point in any of the proceedings did plaintiff dispute the validity of the separation agreement; so long as the separation agreement was performed, as it was in this case, alimony claims were barred; and with the consent of the parties, the trial court, which had general jurisdiction of all domestic matters, properly entered a consent judgment requiring plaintiff's payment of defendant's medical expenses, even though the judgment contained a provision which was outside of the pleadings.

APPEAL by defendant from *Sherill, Judge.* Order entered 14 March 1985 in District Court, WAKE County. Heard in the Court of Appeals 21 November 1985.

The parties were married on 8 July 1951, and lived together until 8 December 1977, when they separated. On 6 February 1978, the parties entered into a Deed of Separation which included the following pertinent provisions:

### FOUR

It is understood and agreed that inasmuch as INEZ SIMMONS DAVIS is in good health and is capable of being gainfully employed and does not desire any payments to be made for her own support and maintenance, the said INEZ SIMMONS DAVIS, does hereby release HENRY M. DAVIS, SR. from any and all liability for the payment of any sums to her for support and maintenance.

. . . .

### TWELVE

It is mutually agreed between the parties hereto that the Party of the Second Part [Henry M. Davis, Sr.] agrees and does hereby assume liability for the payment of all medical expenses incurred by the Party of the First Part [Inez S. Davis] by way of treatment by doctors, dentists and hospitalization for any and all illnesses and injuries. In this connection it is specifically agreed that the Party of the Second Part may and, will, if ever possible, keep in full force and effect hospital and medical insurance that will pay and defray all or as much as possible of the sums incurred for the medical, dental and hospitalization treatment of the Party of the First Part.

On 23 March 1979, plaintiff filed a complaint for an absolute divorce. An extension of time to file an answer was obtained by defendant on 2 May 1979; however, no answer was subsequently filed. On 13 June 1979, a divorce judgment, consented to and signed by the parties, was entered which contained the following pertinent finding of fact:

(7) That there are no claims for support or alimony pending between the parties.

The Court then ordered the following:

(2) That the plaintiff is ordered to assume liability for and pay on behalf of the defendant all necessary and reasonable

medical expenses incurred by the defendant by way of treatment by doctors, dentists and hospitals for any and all illnesses and injuries to the defendant upon the presentation of a bill from the doctor, dentist or hospital involved and upon being presented information from the doctor, dentist or hospital involved that the treatment was reasonable and necessary until the defendant shall die or remarry.

(3) That the plaintiff is ordered to keep in full force and effect hospital and medical insurance with the defendant as beneficiary so that the same will pay and defray all or as much as possible of the sums incurred for medical, dental and hospital treatment of the defendant until defendant shall die or remarry.

On 29 May 1981, plaintiff filed a motion in the cause to clarify the provisions in the divorce judgment concerning his payment of medical and insurance expenses. On 28 October 1981 a judgment, consented to and signed by the parties, was entered which contained the following pertinent provision:

(2) That there is specifically excluded from the definition of what is a "necessary and reasonable medical expense," the following items or procedures:

(a) any medicine or medical remedies purchased over the counter without a doctor or dentist prescription.

(b) cosmetic surgical procedures.

On 26 January 1984, plaintiff filed a motion in the cause seeking to modify the payment provisions in the previous consent judgments in that defendant willfully attempted to circumvent the provisions of the clarified consent judgment by obtaining prescriptions and billing plaintiff for nonprescription medicines and medically unnecessary appliances. In addition, plaintiff sought modification of the previous orders based on significant changes in the parties' circumstances. Plaintiff sought an order from the court modifying these previous orders and requiring defendant to assume exclusive responsibility for all her medical, dental, hospital and insurance expenses. On 28 March 1984, defendant filed a motion for summary judgment, and attached an affidavit and a copy of the parties' Deed of Separation entered into on 6 February 1978.

On 25 February 1985, defendant filed a verified response to plaintiff's motion in the cause and alleged the following:

6. The terms of the Deed of Separation entered into by the parties on or about the 6th day of February, 1978, are not subject to modification except by agreement of the parties.

7. The judgment of divorce of the parties entered June 13, 1979 contained additional findings of fact entered upon the stipulations of the parties and pursuant to the consent of the parties an Order was entered requiring the Plaintiff to maintain hospital and medical insurance and to assume liability for and pay all the Defendant's necessary and reasonable medical expenses.

8. Said judgment of divorce entered June 13, 1979 specifically found as fact that there were no claims for support or alimony pending between the parties. Therefore the portion of the Order entered upon the consent of the parties requiring the Plaintiff to assume liability for and pay Defendant's necessary and reasonable medical expenses is, therefore, not an order of the Court to pay alimony and is [sic] therefore is [sic] not subject to modification except by consent of the parties.

9. The provisions of said judgment of divorce requiring the Plaintiff to assume liability for and pay Defendant's necessary and reasonable medical expenses was modified pursuant to the consent of the parties by Consent Judgment entered October 28, 1981.

10. The said Consent Judgment was likewise not an Order of the Court for the Plaintiff to pay alimony, and is therefore not subject to modification except by consent of the parties.

On 6 March 1985, plaintiff's motion in the cause and defendant's motion for summary judgment came on for hearing. After examining the pleadings, orders and judgments in the record, and after hearing arguments of counsel but without taking any evidence, the court "acting on its own motion" entered the following pertinent conclusions of law:

2. The court interprets decretal Paragraphs 2 and 3 of the judgment entered herein on June 13, 1979, which ordered

plaintiff to pay defendant's necessary and reasonable medical expenses and to keep in full force and effect hospital and medical insurance coverage for defendant's benefit until defendant shall die or remarry, as an award of alimony to defendant.

3. The Court had no subject matter jurisdiction to order plaintiff to pay defendant's medical expenses or to maintain hospital and medical insurance coverage for defendant's benefit.

4. The parties could not, by agreement, confer subject matter jurisdiction upon the Court when the Court otherwise had no subject matter jurisdiction.

5. Decretal Paragraphs 2 and 3 of the judgment entered and filed June 13, 1979, which ordered plaintiff to pay defendant's necessary and reasonable medical expenses and to keep in full force and effect hospital and medical insurance coverage for defendant's benefit, are null and void and unenforceable.

6. The judgment entered on October 25, 1981 incorporating and interpreting decretal Paragraphs 2 and 3 of the judgment of June 13, 1979 is also null and void and unenforceable.

Based on these conclusions, the court set aside the payment provisions of the prior consent judgments as being null and void and unenforceable *ab initio*. Defendant appealed.

*Tharrington, Smith and Hargrove, by J. Harold Tharrington and Kim C. Wetherill, for plaintiff-appellee.*

*Johnson, Gamble, Hearn and Vinegar by M. Blen Gee, Jr., for defendant-appellant.*

PARKER, Judge.

In her first assignment of error, defendant contends the trial court erred in entering an order *ex mero motu* declaring portions of previous consent judgments null and void and unenforceable *ab initio* and in striking them. We agree.

We note preliminarily that this proceeding is not affected by the Supreme Court's decision in *Walters v. Walters*, 307 N.C. 381,

298 S.E. 2d 338 (1983), because that case has only prospective application and has no effect on consent orders entered prior to 1983.

The principle is well-established that "[a] consent judgment is a contract between the parties entered upon the record with the approval and sanction of the court," *Coastal Production Credit v. Goodson Farms*, 71 N.C. App. 421, 422, 322 S.E. 2d 398, 399 (1984), and "must be construed in the same manner as a contract to ascertain the intent of the parties." *Bland v. Bland*, 21 N.C. App. 192, 195, 203 S.E. 2d 639, 641 (1974). "This Court is not bound by the 'four corners' of a consent judgment, but the judgment should be interpreted in light of the surrounding controversy and purposes intended to be accomplished by it," *Roberts v. Roberts*, 38 N.C. App. 295, 300, 248 S.E. 2d 85, 88 (1978), and it is fundamental that "contract provisions should not be construed as conflicting unless no other reasonable interpretation is possible." *Lowder, Inc. v. Highway Comm.*, 26 N.C. App. 622, 639, 217 S.E. 2d 682, 693, *cert. denied*, 288 N.C. 393, 218 S.E. 2d 467 (1975).

Applying these principles, we conclude that the parties did not intend for plaintiff's payment of "all necessary and reasonable medical expenses incurred by defendant" to constitute alimony payments. Under this construction, all the contractual provisions quoted above can be read as being consistent with each other.

Paragraph four in the Deed of Separation is clearly an express waiver of alimony payments by defendant. At no point in any of these proceedings has plaintiff disputed the validity of the separation agreement, and so long as the separation agreement is performed, which it has been here, alimony claims are barred. G.S. 50-16.6(b); 2 Lee, North Carolina Family Law, § 148 (4th Ed. 1980).

In the 13 June 1979 consent judgment the court found as fact "[t]hat there are no claims for support or alimony pending between the parties," and ordered plaintiff to pay "all necessary and reasonable medical expenses incurred by the defendant." Plaintiff asserts that the court had no authority to enter such an order, even upon the consent of the parties, because no such issue was raised by the pleadings. Our Supreme Court, in *Edmundson v. Edmundson*, 222 N.C. 181, 22 S.E. 2d 576 (1942) rejected a

similar argument by quoting with approval this statement from
the opinion in *Keen v. Parker*, 217 N.C. 378, 8 S.E. 2d 209 (1940):

> It is generally held that provisions in judgments and decrees
> entered by consent of all the parties may be sustained and
> enforced, though they are outside the issues raised by the
> pleadings, if the court has general jurisdiction of the matters
> adjudicated. 222 N.C. at 186, 22 S.E. 2d at 580.

Therefore, with the consent of the parties, the trial court, which
has general jurisdiction of all domestic matters, properly entered
this consent judgment even though it contained a provision which
was outside of the pleadings. *Edmundson, supra. See also White-
sides v. Whitesides*, 271 N.C. 560, 157 S.E. 2d 82 (1967).

Similarly, we are not persuaded by the argument that the
trial court did not have the authority, even with the consent of
the parties, to order plaintiff to pay all of defendant's "necessary
and reasonable medical expenses." In *White v. White*, 289 N.C.
592, 223 S.E. 2d 377 (1976), our Supreme Court held that an order,
entered upon the consent of the parties, compelling a father to
assume the burden of a four year college education of each of his
children, though it exceeded the requirements of the common law,
was valid when entered upon the consent of the parties. The
Court stated:

> That the order is based on an agreement of the parties
> makes it no less an order of the court once it is entered. It is
> likewise no less an order of the court, once entered, not-
> withstanding that the portion of it here in question could not
> have been lawfully entered without defendant's consent. His
> consent made this portion of the order, once entered, lawful
> (citation omitted).

Accordingly, pursuant to the original consent judgment, as
modified by the 28 October 1981 Order, plaintiff could, and did,
consent to assume liability for all defendant's "necessary and
reasonable medical expenses."

The trial court erred in entering judgment *ex meru motu*
declaring portions of previous consent judgments null and void
and unenforceable *ab initio* and in striking them. The order ap-

pealed from is vacated and this cause is remanded for summary judgment for defendant.

Judges ARNOLD and WELLS concur.