DOROTHEA C. BLAND v. CATHERINE M. BLAND, EXECUTRIX OF ESTATE OF BERRY JEWEL BLAND

No. 7426DC139

(Filed 3 April 1974)

1. **Divorce and Alimony § 16— consent judgment — support payments — termination upon husband's death**

    Where a consent judgment obligated the husband to make support payments to the wife of $13.00 per week "until he is relieved therefrom by operation of law," the wife's right to receive the support payments terminated upon death of the husband.

2. **Divorce and Alimony § 16— consent judgment — occupancy of dwelling — payment of taxes — continuation after husband's death**

    Obligations imposed on a husband by a consent judgment to permit his former wife to occupy the dwelling and to pay taxes on the dwelling were binding on the husband's estate after his death, and the obligation to pay the taxes became a debt of the estate.

3. **Rules of Civil Procedure § 56— summary judgment against movant**

    In an action to recover benefits due under a consent judgment entered between plaintiff and defendant's testate, the court properly entered summary judgment against defendant, the moving party. G.S. 1A-1, Rule 56(c).

APPEAL by defendant from *Johnson, Judge,* 8 October 1973 Session of District Court held in MECKLENBURG County.

Bland v. Bland

This is a civil action to recover benefits allegedly due plaintiff under a consent judgment entered in a previous action between plaintiff and defendant's testate. In her complaint, filed 6 September 1973, plaintiff alleges:

Plaintiff and defendant's testate, at times before and after 19 January 1948, were husband and wife. On said date, in an action pending between plaintiff and testate, a consent judgment was entered in the superior court requiring testate to pay for the "use, benefit and support" of plaintiff the sum of $13.00 per week. The judgment then provided:

> "The payments directed herein shall be made by the defendant until he is relieved therefrom by operation of law.

> *   *   *

> "The plaintiff shall continue to occupy the dwelling and premises owned by the parties as tenants by the entireties and shall pay from her own funds insurance premiums upon such premises. The defendant shall pay all taxes now accrued or which may hereafter accrue upon and against said premises. The plaintiff shall at all times carry not less than $3,000 insurance upon the premises. Plaintiff's occupancy of the premises shall continue, until she remarries, with no restriction upon her use of same, provided only that she shall maintain her residence at said premises."

Subsequent to the entry of said judgment testate obtained a divorce from plaintiff. Under the judgment testate obligated himself to pay plaintiff $13.00 per week throughout her lifetime. Plaintiff has made demand on defendant to continue said payments but defendant has refused to make payments since 13 January 1973. Plaintiff prays that she recover $351.00 (the $13.00 payments due her for 27 weeks) and that the court declare the consent judgment an enforceable contract binding upon testate's estate.

In her answer, defendant admits allegations with respect to the former marriage of plaintiff and testate, their divorce, entry of the consent judgment, and demand of plaintiff for, and refusal of defendant to make, further payments. Defendant denies that testate's estate is indebted to plaintiff in any manner and asks that the action be dismissed.

Defendant moved for summary judgment under G.S. 1A-1, Rule 56, on the ground that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. Defendant filed affidavit showing, among other things, that testate died on 13 January 1973 and all payments due plaintiff up until that date were fully paid.

Following a hearing, the court entered judgment concluding that there is no genuine issue of material fact; that the question presented is one of law and not of fact; that the obligations imposed on testate by the consent judgment to pay alimony and ad valorem taxes, and to permit plaintiff continued occupancy of the residence, are binding upon and are a debt of testate's estate; and that this matter is one in which entry of judgment against the moving party is appropriate. The judgment provided that plaintiff recover of defendant a sum equal to weekly payments of $13.00 per week from 13 January 1973 through 1 October 1973; that defendant continue to make the weekly payments from the assets of testate's estate until the death or remarriage of plaintiff; that plaintiff be permitted to continue to occupy the dwelling in which she now resides; that defendant pay all taxes "now accrued or which may hereafter accrue" upon said real estate; that plaintiff carry at all times not less than $3,000 of insurance upon the residence; and that plaintiff be permitted to occupy said premises until she remarries "with no restriction upon her use of the same provided only that she shall maintain her residence at said premises."

Defendant appealed.

*Mullen, Holland & Harrell, P.A., by Graham C. Mullen, for plaintiff appellee.*

*Anne M. Lamm and Basil L. Whitener for defendant appellant.*

BRITT, Judge.

The first question presented is whether summary judgment is proper in this action. We hold that it is. The purpose of the summary judgment procedure provided by G.S. 1A-1, Rule 56, is to ferret out those cases in which there is no genuine issue as to any material fact and in which, upon undisputed facts, a party is entitled to judgment as a matter of law. *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972);

---

Bland v. Bland

---

*Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

In this case, admissions in the pleadings, together with affidavits and other materials introduced at the hearing, are sufficient to establish the absence of any genuine issue as to any material fact and that only questions of law are presented.

[1] The next question for our determination is whether the court erred in concluding as a matter of law that plaintiff's right to receive the $13.00 weekly support payments did not terminate with testate's death. We hold that the court erred in this conclusion.

The rights and obligations of the parties in this action are provided in the consent judgment entered on 19 January 1948. A consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and its provisions cannot be modified or set aside without consent of the parties except for fraud or mistake. *Layton v. Layton,* 263 N.C. 453, 139 S.E. 2d 732 (1965). A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties. *Webster v. Webster,* 213 N.C. 135, 195 S.E. 362 (1938). It must be interpreted in the light of the controversy and the purposes intended to be accomplished by it. *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323 (1953).

The consent judgment involved here obligated testate to pay plaintiff $13.00 per week "until he is relieved therefrom by operation of law." The question then arises as to when "the law"— not a contract—relieves a husband from supporting his wife.

Interpreting the consent judgment in the light of the controversy in which it was entered and the purposes intended to be accomplished by it, we think the $13.00 weekly payments were, in effect, alimony. In Black's Law Dictionary, Fourth Edition, as a definition of "alimony" we find: "Comes from Latin 'alimonia' meaning sustenance, and means, therefore, the sustenance or support of the wife by her divorced husband and stems from the common-law right of the wife to support by her husband. *Eaton v. Davis,* 176 Va. 330, 10 S.E. 2d 893, 897." That being true, it would appear that the rule that would terminate a man's obligation to pay alimony ordered by the court would apply to testate's obligation to make support payments in this case.

As early as 1846, in *Rogers v. Vines*, 28 N.C. 293, 297, opinion by Chief Justice Ruffin, our Supreme Court said: " . . . Now, 'alimony' in its legal sense may be defined to be that proportion of the husband's estate which is judicially allowed and allotted to a wife for her subsistence and livelihood during the period of their separation. Poynter Marriage and Divorce, 246; Shelford on Mar. and Div., 586. In its nature, then, it is a provision for *a wife* separated from her husband, and it cannot continue after reconciliation or the death of either party . . . . " Quoted with approval by Chief Justice Devin in *Hester v. Hester*, 239 N.C. 97, 100, 79 S.E. 2d 248, 250 (1953).

In *Crews v. Crews*, 175 N.C. 168, 173, 95 S.E. 149, 152 (1918), the Supreme Court said: " . . . Growing out of the obligation of the husband to properly support his wife, it [alimony] is not allowed with us as a matter of statutory right in divorces *a vinculo. Duffy v. Duffy*, 120 N.C. 346, and whether awarded as an incident to divorce *a mensa et thoro* or as an independent right under the present statute, and whether in specific property or current payments, it terminates on the death of either of the parties or on their reconciliation . . . . "

In 2 Lee, N. C. Family Law, § 154, at 82 (Supp. 1972), we find: "Alimony, whether permanent or temporary, terminates on the death of either of the parties."

It is clear that in this jurisdiction the obligation imposed by operation of law" to pay alimony terminates on the death of either of the parties; we think the same rule applies in the instant case, and that testate's legal obligation to make support payments to plaintiff terminated with his death.

[2]  The next question relates to the trial court's conclusion with respect to plaintiff's right to continue occupation of the residence, subject to specified conditions, and defendant's obligation to pay taxes on the residence. We hold that the court did not err in its conclusion on this question.

The "operation of law" provision of the consent judgment applied only to the support payments which testate was obligated to make. Provisions relating to the residence were contractual, unaffected by any "operation of law," and plaintiff's rights with respect to the residence survived testate's death.

[3]  Finally, we face the question of whether the trial court was authorized to enter summary judgment against defendant,

the moving party. G.S. 1A-1, Rule 56(c) provides, among other things, that summary judgment, *when appropriate*, may be rendered against the moving party. Under the facts in this case, we hold that the rendition of summary judgment against the moving party, to the extent hereinafter set forth, was appropriate.

For the reasons stated, the judgment appealed from is modified as follows: (1) Conclusions of law to the effect that testate's obligation to pay $13.00 per week for the support of plaintiff survived his death are vacated. (2) Paragraphs Numbered 1, 2 and 3 providing that plaintiff recover an aggregate of $390.00, representing $13.00 per week for thirty weeks following testate's death, and that defendant continue to pay plaintiff $13.00 per week from the assets of testate's estate until plaintiff's death or remarriage, are vacated. Except as so modified, the judgment is affirmed.

Modified and affirmed.

Judges PARKER and VAUGHN concur.