PAULETTE FARRINGTON MINOR v. RANDOLPH MINOR

No. 8315SC478

(Filed 21 August 1984)

**Divorce and Alimony § 17.3— possession of marital home as alimony**

> Plaintiff was entitled to summary judgment in her action to prevent
> defendant from interfering with her right of possession of the marital home,
> since, pursuant to the parties' earlier consent judgment, possession of the
> marital home was an award of alimony which would terminate upon remar-
> riage, and this was true even though possession was not specifically
> denominated as "alimony" because the consent judgment responded to all
> other specific requests elsewhere; the award of possession of the marital home
> was intended to be alimony in response to that remaining specific request for
> relief; and there was no mention of child support in regard to the marital
> home.

APPEAL by defendant from *Preston, Judge.* Judgment en-
tered 9 March 1983 in Superior Court, ALAMANCE County. Heard
in the Court of Appeals 13 March 1984.

Plaintiff, Paulette Farrington Minor, instituted this action on
4 December 1981 to prevent defendant, Randolph Minor, from in-
terfering with her right of possession of the marital home in
Alamance County. At the time the action was instituted, the
defendant had exclusive title to the home and surrounding real
property.[1]

Plaintiff and defendant had been lawfully married on 10 June
1957. Two children were born of their union, the youngest of
whom reached the age of eighteen on 23 July 1980. On 13 May
1977 the parties were separated and have since lived continuously
separate and apart. Plaintiff instituted an action for: (1) divorce
from bed and board; (2) alimony; (3) care and custody of the minor
child; and (4) child support. That action terminated in a consent
judgment, Case No. 77CVD1000, executed on 5 January 1978.

---

1. Plaintiff also alleged a second cause of action seeking to reform the deed to
the real property. Plaintiff alleged that defendant obtained title to the property by
a mistake which was induced by his inequitable and deceitful conduct. This issue
has been settled by consent order requiring defendant to convey a one-half undi-
vided interest in the property to plaintiff. The second cause of action is not before
this Court for review.

The consent judgment contained Findings of Fact as to: (1) jurisdiction; (2) marriage and separation; (3) plaintiff's fitness for care, custody and control of the minor child; (4) defendant's financial ability to provide child support; and (5) plaintiff's inability to bear litigation expenses. The consent judgment concluded, *inter alia*, that plaintiff was entitled to custody, care and control of the minor child and that she had demonstrated sufficient grounds for divorce from bed and board. Finally, the consent judgment ordered:

1. That the plaintiff is hereby granted custody, care and control of the minor child . . .

2. That the plaintiff shall have absolute and sole custody and possession of the parties' home occupied by the plaintiff and her minor child . . . together with and to include all furnishings, fixtures and household appliances.

. . .

4. The defendant shall pay into the office of the Clerk of Superior Court the full sum of $100.00 per month to be disbursed as child support. . . .

The possession of the home was not specifically denominated as child support with a stated termination date; nor was it identified as a response to plaintiff's prayer for alimony.

Later, a dispute developed between the parties as to the proper interpretation of the consent judgment. It is plaintiff's contention that the grant of custody and possession of the marital home was a lump sum alimony payment, while defendant contends that it was a form of child support which terminated when the youngest child reached eighteen. In consequence, this action was instituted by plaintiff to prevent defendant from interfering with her right of possession. Subsequently, defendant filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. This motion was heard and denied on 23 August 1982. On 3 March 1983 and 4 March 1983, respectively, defendant and plaintiff each filed a motion for judgment on the pleadings, pursuant to G.S. 1A-1, Rule 12(c).

Judge Preston denied defendant's motion and granted plaintiff's motion for judgment on the pleadings, concluding as a mat-

ter of law that possession of the marital home was a form of alimony which would terminate upon remarriage by the plaintiff. Defendant appeals from the entry of judgment on the pleadings for the plaintiff and from the denial of defendant's motion for summary judgment.

*Lee W. Settle, for defendant appellant.*

*Ridge and Richardson, by Daniel S. Johnson, for plaintiff appellee.*

JOHNSON, Judge.

The threshold question presented for review is whether judgment on the pleadings is appropriate in this action. G.S. 1A-1, Rule 12(c) provides that a motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Trust Co. v. Elzey,* 26 N.C. App. 29, 214 S.E. 2d 800, *cert. denied,* 288 N.C. 252, 217 S.E. 2d 662 (1975). The trial judge is to consider only the pleadings and any attached exhibits, which become part of the pleadings. *Wilson v. Development Co.,* 276 N.C. 198, 206, 171 S.E. 2d 873, 879 (1970); *Van Every v. Van Every,* 265 N.C. 506, 512, 144 S.E. 2d 603, 607 (1965); 10 Strong's N.C. Index 3d, Pleadings, § 38.4, p. 304-305. No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings. *Wilson v. Development Co., supra,* at 206, 171 S.E. 2d at 878; *Acceptance Corp. v. Spencer,* 268 N.C. 1, 13, 149 S.E. 2d 570, 579 (1966); 10 Strong's N.C. Index 3d, Pleadings, § 38.4, p. 305.

The record in this case, however, contains affidavits and indicates that the trial judge, in addition to considering the pleadings and attached exhibits, also heard counsel for both parties and considered briefs submitted by both parties. Therefore, the motion must be considered as though it was made under Rule 56. *See* G.S. 1A-1, Rule 12(c) (motion for judgment on the pleadings will be treated as motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court).

G.S. 1A-1, Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Summary judgment, like judgment on the pleadings, is appropriately granted only where no disputed issues of fact have been presented and the undisputed facts show that any party is entitled to judgment as a matter of law. *Bland v. Bland,* 21 N.C. App. 192, 203 S.E. 2d 639 (1974) (summary judgment); *High v. Parks,* 42 N.C. App. 707, 257 S.E. 2d 661, *disc. rev. denied,* 298 N.C. 806, 262 S.E. 2d 1 (1979) (judgment on the pleadings).

In this case, the rights and obligations of the parties are established by the consent judgment and the only dispute between the parties relates to the proper interpretation of its provisions. Such questions are appropriately addressed on motion for summary judgment. *See Bland v. Bland, supra.*

In essence, a consent judgment is a contract between parties entered upon the record with the approval and sanction of the court. *Id.* at 195, 203 S.E. 2d at 641. A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties; it must be interpreted in light of the controversy and the purposes intended to be accomplished by it. *Id.* Where the language of the contract is plain and unambiguous, the construction of the agreement is a matter of law; the court may not ignore or delete any of its provisions, *nor insert words into it,* but must construe the contract as written, in light of undisputed evidence as to custom, usage and meaning of its terms. *Martin v. Martin,* 26 N.C. App. 506, 508, 216 S.E. 2d 456, 457-458 (1975); 3 Strong's N.C. Index 3d, Contracts, § 12.1, p. 392.

This Court cannot insert the words "child support" into the plain and unambiguous language of the consent judgment. Defendant contends that the consent judgment awarded plaintiff the marital home as child support. To support his argument, defendant relies upon affidavits by himself and lawyers for both parties during the proceeding which terminated with the consent judgment. The affidavits attest to the affiants' beliefs that the award of the home was intended to be child support. However, these affidavits may not properly be considered in support of defendant's

argument because the language of the consent judgment is plain
and unambiguous.

In *Corbin v. Langdon,* 23 N.C. App. 21, 208 S.E. 2d 251 (1974),
the plaintiff presented affidavits to show the practical interpreta-
tion given to an earlier contract between the parties involving
the sale of a dentistry practice. The court concluded that any
parol understandings regarding the interest of the parties
merged into the writings. *Id.* at 26, 208 S.E. 2d at 254. Finding
that the parties had ample opportunity to clearly express other
interests but had failed to do so, the court refused to consider the
affidavits as evidence manifesting an intent other than that ex-
pressed in their written agreement. *Id.* We find this principle of
contract construction equally applicable in the case *sub judice.*
We have examined the language of the parties' consent judgment
itself to ascertain the intent of the parties and find no mention of
child support in regard to the marital home. Significantly, another
award is specifically entitled "child support." Under these cir-
cumstances, this Court cannot, under the guise of construction, in-
sert the words "child support" in reference to the marital home
when the parties have elected to omit them.

Moreover, although the consent judgment also failed to
denominate possession of the marital home as "alimony," the cir-
cumstances surrounding the agreement reinforce that interpreta-
tion. G.S. 50-16.7(a) reads in relevant part: "In every case in which
alimony or alimony pendente lite is allowed and provision is also
made for support of minor children, the order shall separately
state and identify each allowance." *See also* G.S. 50-13.4(e). Had
the trial court specifically identified the possession of the marital
home to be alimony, as it is directed to by the statute, this action
might have been forestalled. However, the fact that the judgment
granted child support in an express provision, separate from the
award of possession of the marital home, indicates that the trial
court and the parties intended the awards to be distinguished.

In addition, it may be inferred from the pleadings that the
award of possession of the marital home was intended as a
response to plaintiff's prayer for alimony. In the action resulting
in the consent judgment, plaintiff asked for divorce from bed and
board, custody of the minor child, alimony, and child support. Por-
tions of the consent judgment specifically responded to plaintiff's

requests for divorce, child custody and child support. Although the consent judgment did not expressly respond to the request for alimony, and no award was denominated as such, we cannot agree that no alimony was granted. There is no requirement that alimony be denominated as such for it to be a valid award of alimony. 2 Lee, N. C. Family Law, Alimony, § 135, p. 138. Furthermore, possession of real or personal property, including the marital home, is one form of alimony provided by statute. *See* G.S. 50-16.7(a)(c); *Clark v. Clark,* 301 N.C. 123, 271 S.E. 2d 58 (1980). Logic dictates the conclusion that because the consent judgment responded to all other specific requests elsewhere, the award of possession of the marital home was intended to be alimony, in response to that remaining specific request for relief.

Defendant further argues that the findings were insufficient to support an award of alimony. He asserts that there were no findings regarding the grounds for alimony. This contention is without merit. Every ground for divorce from bed and board also serves as a ground for alimony. *See* G.S. 50-16.2; G.S. 50-7. The trial court found that the parties were married and subsequently separated, and concluded that "the plaintiff had demonstrated to the Court sufficient grounds for divorce from bed and board." These findings and conclusion are sufficient to buttress an award of alimony.

Defendant also contends that the consent judgment did not award alimony because the parties were not identified as supporting or dependent spouses. However, defendant overlooks the fact that a consent judgment is a contract between parties. A finding of dependency is not required when a judgment ordering alimony is entered into by consent. *Cox v. Cox,* 36 N.C. App. 573, 245 S.E. 2d 94 (1978).

Finally, defendant challenges the trial court's conclusion that the alimony award would terminate upon remarriage. Alimony generally ends upon remarriage of the dependent spouse. 2 Lee, N.C. Family Law, Alimony, § 135.1, p. 146. Absent provisions to the contrary, the trial court did not err in concluding that the possession of the marital home was intended to be alimony which would terminate upon remarriage.

In conclusion, we hold that plaintiff was entitled to judgment as a matter of law and that the possession of the marital home

was an award of alimony which would terminate upon remarriage. Although the trial court entered judgment as judgment on the pleadings, rather than summary judgment, we find that this error was not prejudicial. Therefore, the judgment appealed from is

Affirmed.

Judges HEDRICK and HILL concur.