BRANTLEY v. WATSON

[115 N.C. App. 393 (1994)]

―――――――――

JOHNNY BRANTLEY, Plaintiff v. DARRELL CROCKET WATSON, CO-EXECUTOR OF THE ESTATE OF RACHEL A. BRANTLEY and WILLIAM WOODWARD WEBB, CO-EXECUTOR OF THE ESTATE OF RACHEL A. BRANTLEY, Defendants

No. 9310SC526

(Filed 21 June 1994)

1. **Executors and Administrators § 86 (NCI4th)— decedent's estate—income tax refund—division between estate and surviving spouse**

The trial judge did not err by dividing an income tax refund between a surviving spouse and the estate where plaintiff and defendants filed a joint income tax return for plaintiff and his deceased wife for 1991; defendants, the executors, had made an advance payment of $25,000 out of the wife's estate; the I.R.S. determined that the tax had been overpaid by $28,652; and plaintiff demanded $14,576 of the refund check. The funds in question fall squarely under the control of N.C.G.S. §§ 28A-15-6 and N.C.G.S. § 28A-15-9 and the trial judge divided the funds precisely by the terms of those statutes.

**Am Jur 2d, Executors and Administrators §§ 487 et seq.**

**2.  Costs § 28 (NCI4th)— action to determine division of income tax refund—attorney's fees—not granted**

The trial court did not err by denying plaintiff's claim for attorney's fees under N.C.G.S. § 6-21(2) in an action against an estate involving the division of an income tax refund. N.C.G.S. § 6-21(2) permits a trial judge to award attorney's fees in a caveat proceeding, in a proceeding to construe a will, or in a proceeding to fix the rights of a party under a will, but this case does not fall into any of those categories.

**Am Jur 2d, Costs §§ 72-86.**

Appeal by plaintiff and defendants from order entered 10 March 1993 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 3 March 1994.

This is an appeal from a declaratory judgment action in which plaintiff sought division of a federal income tax refund pursuant to N.C. Gen. Stat. §§ 28A-15-6 and 28A-15-9 (1984). Defendants are the co-executors of plaintiff's wife's estate. In April 1992, plaintiff and defendants filed a joint income tax return for plaintiff and his deceased wife for the 1991 tax year. Prior to filing the return, defendants mailed an advance payment of $25,000.00 out of the wife's estate to the Internal Revenue Service. After processing the return, the Internal Revenue Service determined that plaintiff and his wife's estate overpaid their income tax by $28,652.00 and mailed a refund check for that amount to plaintiff and defendants.

Plaintiff demanded $14,576.00 out of the refund check, but defendants refused to pay, claiming that plaintiff was not entitled to any portion of the $25,000.00 advance payment. Plaintiff then filed this declaratory judgment action seeking division of the refund check and an award of attorney fees. The trial judge entered an order allowing plaintiff's motion for judgment on the pleadings, but he denied plaintiff's claim for attorney fees. From the portion of the judgment dividing the $25,000.00 advance payment defendants appeal. From the portion of the judgment denying plaintiff's request for attorney fees plaintiff appeals.

*Broughton, Wilkins, Webb & Jernigan, by Charles P. Wilkins, for defendant appellant-appellees.*

*Sink, Powers, Sink & Potter, by Charles F. Powers III, for plaintiff appellee-appellant.*

BRANTLEY v. WATSON

[115 N.C. App. 393 (1994)]

ARNOLD, Chief Judge.

[1] Judgment on the pleadings may be granted when the movant establishes that no material issues of fact exist and that the movant is entitled to judgment as a matter of law. *Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). Defendants admitted all the material factual allegations in the complaint, and no unresolved factual issues are otherwise raised by the pleadings. In the absence of any factual issues or defenses raised in defendants' answer, the application of N.C. Gen. Stat. §§ 28A-15-6 and 28A-15-9 was clear, and the judge's decision was one of law.

G.S. § 28A-15-6 provides that:

> Upon the determination by the United States Treasury Department of an overpayment of income tax by a married couple filing a joint federal income tax return, one of whom has died since the filing of such return or where a joint federal income tax return is filed on behalf of a husband and wife, one of whom has died prior to the filing of the return, any refund of the tax by reason of such overpayment, if not in excess of five hundred dollars ($500.00), shall be the sole and separate property of the surviving spouse.

Regarding the amount of a refund in excess of $500.00, G.S. § 28A-15-9 provides that "one half of any additional sums shall be the sole and separate property of the surviving spouse." The funds in question cannot be considered anything other than an income tax refund. Plaintiff and his wife's estate filed a joint income tax return, defendants mailed the $25,000.00 check to the Internal Revenue Service to be applied in advance toward income tax liability, and the Internal Revenue Service applied the funds toward the parties' joint income tax liability. Therefore, the funds in question fall squarely under the control of G.S. §§ 28A-15-6 and 28A-15-9. The trial judge divided the funds precisely by the terms of those statutes, and no error resulted. This panel expresses no opinion on whether or not the result was equitable and fair.

We reject defendants' argument that the trial judge erred by not considering affidavits filed by defendants. We reviewed the affidavits, and, even if considered, they do not affect our decision on the disposition of the funds pursuant to G.S. §§ 28A-15-6 and 28A-15-9. We do not consider defendant's claim of unjust enrichment because it was not raised by the pleadings or addressed by the trial judge.

**BRANTLEY v. WATSON**

[115 N.C. App. 393 (1994)]

**[2]**   Plaintiff appeals and argues that the trial judge erred in not allowing his request for attorney fees pursuant to N.C. Gen. Stat. § 6-21(2) (1986). G.S. § 6-21(2) permits a trial judge to award attorney fees in a caveat proceeding, in a proceeding to construe a will, or in a proceeding to fix the rights of a party under a will. Because this case does not fall into any of these categories, plaintiff's reliance on G.S. § 6-21(2) is misplaced. The trial court's order is affirmed.

Affirmed.

Judges COZORT and LEWIS concur.