HOLGER W. JOHANN, PLAINTIFF
v.
EVELYN BECK JOHANN, DEFENDANT
No. COA08-671
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Benjamin D. Overby for plaintiff-appellee.
William L. Livesay for defendant-appellant.
ERVIN, Judge.
Evelyn Johann ("Defendant") appeals from a judgment modifying the parties' separation agreement and reducing Holger Johann's ("Plaintiff") spousal support obligation based upon his early retirement and Defendant's receipt of retirement benefits stemming from that event. We reverse the trial court's judgment and remand this case to the District Court for further proceedings not inconsistent with this opinion.

I. Background
On 21 October 2003, the parties entered into a separation agreement that delineated Plaintiff's spousal support obligation. In the agreement, the parties expressed the "intention" that "the Husband shall insure that the monthly income of the Wife for her own needs and expenses, net of income taxes . . . shall be not less than $3,035.00 so long as she may live, remain unmarried to anyone other than the Husband, and/or so long as she not cohabit with an adult male person to whom she is not biologically related." The agreement then recited that "[t]he Husband undert[ook] to insure that the Wife shall receive such net income" in accordance with certain specific provisions.
First, the agreement provided that, "[s]o long as the parties are legally able to file joint income tax returns, and for every year in which they choose to file joint returns, the Husband will pay to the Wife spousal support in the amount of Thirty-Six Thousand Four Hundred Twenty and No/100 Dollars ($36,420.00) per year at the rate of $3,035.00 each month." Alternatively, the agreement provided that, "[b]etween December 1 and December 31 prior to any calendar year for which the parties will file separate income tax returns, the parties shall calculate monthly cash payments which shall be made by the Husband to the Wife throughout the coming calendar year such that the wife shall receive during the coming calendar year the sum of Thirty-Six Thousand Four Hundred Twenty and No/100 Dollars ($36,420.00) net of income taxes, i.e., $3,035.00 net of taxes each month."
The parties' separation agreement also stated that "the amount of the monthly alimony payments . . . described above may be modified upon Wife's obtainment of gainful employment and/or when the Husband reaches the age of sixty-five (65) years," with the required monthly payments to be reduced by an amount equal to: (A) the wages or salary actually received by the Wife for the month in question, net of any income taxes withheld or to be paid on such wages or salary: plus (B) the amount of any monthly payments payable directly to the Wife for any month following July 25, 2009 (the Husband's 65th birthday) by any retirement plan owned in whole or in part by the Husband, net of any income taxes withheld or to be paid on such monthly retirement income.
Finally, the parties' agreement provided that "[t]he provisions set forth herein for the support and maintenance of the Wife shall not be modified or changed except by further agreement of the parties expressed in writing and with the same formalities as this contract."
On 1 April 2006, Plaintiff retired from his employment at the age of sixty-two. As a result, Defendant began to receive retirement benefits from Plaintiff's account in the amount of $2,955.36 per month.
On 27 June 2006, Plaintiff filed a complaint requesting, inter alia, an interpretation of the separation agreement with respect to the effect of Plaintiff's early retirement, and the resulting payment of retirement benefit payments to Defendant, on Plaintiff's spousal support obligations. On 28 August 2006, Defendant filed an answer which denied the material allegations of Plaintiff's complaint and alleged that the trial court lacked authority to reform or modify the separation agreement. On 28 February 2007, this action came before the trial court for hearing. Both parties offered to present testimonial evidence, but the trial court declined to hear it and relied upon the written documents in the court file, the briefs submitted by each party, and the arguments of counsel. On 19 October 2007, the trial court entered a judgment finding that the parties' separation agreement "did not address the issue of early retirement by Plaintiff" and determining that the agreement "contemplated a guaranteed income to the Defendant rather than a fixed obligation of the Plaintiff." As a result, the trial court ordered that Plaintiff's alimony payments be reduced by the amount of Plaintiff's retirement benefits received by Defendant. After the reduction required by the trial court's judgment, Plaintiff's new spousal support obligation was calculated at $935.64 per calendar month. The trial court also awarded Plaintiff a credit of $35,464.32 for spousal support paid to Defendant in excess of the amount called for by the parties' agreement as construed by the trial court. Defendant noted a timely appeal from the trial court's judgment.

II. Issues
The issues presented to this Court on appeal are whether: (1) the trial court erred as a matter of law by interpreting the parties' separation agreement so as to allow a reduction in alimony payments before the Plaintiff reached the age of sixty-five; (2) there is competent evidence to support the trial court's findings of fact; and (3) the trial court's Conclusions of Law Nos. 3 and 4 are supported by its findings.

III. Contract Interpretation

A. Standard of Review
When an appeal is taken from an order construing or interpreting a contract, a question of law is presented, so that the trial court's decision is subject to de novo review. Sears Roebuck & Co. v. Avery, 163 N.C. App. 207, 211, 593 S.E.2d 424, 428 (2004). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court." Cater v. Barker, 172 N.C. App. 441, 444-45, 617 S.E.2d 113, 116 (2005) (citation, quotation and alteration omitted), aff'd per curium, 360 N.C. 357, 625 S.E.2d 778 (2006).

B. Analysis
Defendant asserts that the trial court erred as a matter of law by interpreting the parties' separation agreement so as to allow a reduction in alimony payments due to Plaintiff's retirement prior to his sixty-fifth birthday. We agree.
"Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally." Lane v. Scarborough, 284 N.C. 407, 409, 200 S.E.2d 622, 624 (1973). A court's primary purpose when interpreting a contract is to ascertain the intention of the parties "at the moment of its execution." Id. at 409-10, 200 S.E.2d at 624 (citations omitted). "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract."Walton v. City of Raleigh, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996); see also Corbin v. Langdon, 23 N.C. App. 21, 25, 208 S.E.2d 251, 254 (1974) ("Where the language is clear and unambiguous, the court is obliged to interpret the contract as written, and cannot, under the guise of construction, reject what parties inserted or insert what parties elected to omit." (citation and quotation omitted)).
When a contractual term is ambiguous, parol evidence may be introduced in order for the provision to be explained. Vestal v. Vestal, 49 N.C. App. 263, 266-67, 271 S.E.2d 306, 309 (1980). "An ambiguity exists in a contract when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations." Register v. White, 358 N.C. 691, 695, 599 S.E.2d 549, 553 (2004). If the terms of an agreement are equivocal or susceptible of explanation by parol evidence, judicial construction is proper and the factfinder must determine the meaning of the language employed. Goodyear v. Goodyear, 257 N.C. 374, 380, 126 S.E.2d 113, 118 (1962).
"It is a well-settled principle of legal construction that it must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." Hagler v. Hagler, 319 N.C. 287, 294, 354 S.E.2d 228, 234 (1987) (internal citation and quotation omitted). Here, the separation agreement specifically provides for a reduction to Plaintiff's alimony payments under two specific sets of circumstances: when Defendant obtains gainful employment or when Plaintiff reaches the age of sixty-five. Interestingly, the parties took care to include the specific date Plaintiff turned sixty-five in the portion of the separation agreement describing the manner in which the amount of the support payment was to be reduced after Plaintiff reached sixty-five. At the time this litigation commenced before the trial court, neither of the two specified events had occurred.
Plaintiff cannot now convincingly argue that the relevant contractual provisions allowed him to reduce his alimony payments on the date Defendant received a portion of his retirement benefits. The separation agreement specifically states that the required level of spousal support shall be reduced by "the amount of any monthly payments payable directly to [Defendant] for any month following July 25, 2009 (the [Plaintiff's] 65th birthday) by any retirement plan owned in whole or in part by the [Plaintiff], net of any income taxes withheld or to be paid on such monthly retirement income." (emphasis supplied). This language is clear and is not susceptible to multiple reasonable interpretations. See Crockett v. Savings & Loan Assoc., 289 N.C. 620, 631, 224 S.E.2d 580, 588 (1976) ("Where the terms of the contract are not ambiguous, the express language of the contract controls in determining its meaning and not what either party thought the agreement to be." (citation omitted)). Had Plaintiff intended for his spousal support obligation to decrease upon the date when Defendant began to receive a portion of his retirement benefits regardless of whether he had reached age sixty-five, an express provision to that effect should have been included in the separation agreement. In the absence of such a provision, this Court cannot appropriately construe the separation agreement to provide for a reduction in the amount of the Plaintiff's payments to Defendant under that agreement regardless of Plaintiff's age without contradicting its literal language.
Although Defendant contends that "[t]he agreement expressly provided for a guaranteed income of $3,035.00 per month from sources related to Plaintiff-Husband" and that the reduction in Plaintiff's spousal support payment required by the trial court's order "is certainly within the parties['] intent upon reading the entire separation agreement[,]" we do not find this argument persuasive. The agreement does not, in fact, guarantee that Defendant will receive $3,035.00 per month. Instead, the literal language of the agreement provides that the Defendant will receive not less than $3,035.00 in monthly support payments. The parties specified the exact means by which their intent was to be effectuated in the separation agreement, and the language that they chose to use simply made no provision for a reduction in Plaintiff's support obligation prior to the date upon which he turned sixty-five unless Defendant obtained gainful employment. The result we reach here fully effectuates the parties' agreement that Defendant would receive "at least $3,035.00 per month in spousal support."
As a result, because the plain and unambiguous language of the separation agreement clearly delineates the only circumstances under which the amount of support paid by Plaintiff to Defendant could be reduced and because neither of the two specified conditions had occurred at the time this action was brought, the trial court erred by reducing Plaintiff's spousal support obligation based upon Defendant's receipt of a portion of Plaintiff's retirement benefits. The trial court was required to "interpret the contract as written" and erroneously inserted a provision the "parties elected to omit." Corbin, 23 N.C. App. at 25, 208 S.E.2d at 254. The trial court's order should be reversed and this case should be remanded for reinstatement of Plaintiff's spousal support obligation according to the express terms contained in the parties' separation agreement. In light of this holding, it is unnecessary to address Defendant's remaining assignments of error.

IV. Conclusion
For the foregoing reasons, the trial court's order is reversed and this case is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.
Judges WYNN and HUNTER, Robert C. concur.
Report per Rule 30(e).