ELIZABETH DIXON, Plaintiff v. RANDALL GIST AND LAURA GIST, Defendants

No. COA11-1370

(Filed 3 April 2012)

**1. Statutes of Limitation and Repose—fraud—claims filed after expiration of three-year statute of limitations**

   The trial court did not err by granting defendants' motion for judgment on the pleadings and dismissing plaintiff's claims arising from the allegedly fraud-induced conveyance of real property. The pleadings showed that these claims were filed after the expiration of the three-year statute of limitations.

**2. Fraud—constructive fraud—breach of fiduciary duty—civil conspiracy—conversion—sufficiently pled—asserted within statute of limitations**

   The trial court erred by granting defendants' motion for judgment on the pleadings and dismissing plaintiff's claims for con-

structive fraud based on breach of a fiduciary duty, civil conspiracy, and conversion arising from defendants' allegedly fraudulent withdrawal of money from plaintiff's bank account. The claims were sufficiently pled and asserted within the applicable statute of limitations.

Appeal by Plaintiff from orders entered 6 and 13 June 2011 by Judge Theodore S. Royster, Jr. in Davidson County Superior Court. Heard in the Court of Appeals 6 March 2012.

*Peebles Law Firm, PC, by Todd M. Peebles, for Plaintiff.*

*Wyatt Early Harris Wheeler LLP, by William E. Wheeler, for Defendants.*

STEPHENS, Judge.

After voluntarily dismissing a nearly identical prior action commenced on 20 September 2010, Plaintiff Elizabeth Dixon commenced the present action by filing a complaint in Davidson County Superior Court on 20 April 2011 against Defendants Randall and Laura Gist. In her complaint, Dixon alleged that she was "befriended" by the Gists, "tricked into believing a special relationship of trust and confidence had been established with [the Gists]," "induced" by the Gists to "convert[ her] bank account into a joint account with rights of survivorship" with the Gists, and, ultimately, "defrauded" by the Gists "out of sixteen [] acres of land and property" and many thousands of dollars in cash. Based on Dixon's allegedly fraud-induced conveyance of real property to the Gists and on the Gists' allegedly fraudulent withdrawal of money from Dixon's bank account, Dixon asserted claims against the Gists for constructive fraud, civil conspiracy, undue influence, conversion, and "declaratory judgment voiding conveyances." On 24 May 2011, the Gists filed their answer to Dixon's complaint, along with a motion for judgment on the pleadings. The trial court, Judge Theodore S. Royster, Jr. presiding, granted the Gists' motion in a 6 June 2011 order, concluding that the Gists were entitled to judgment dismissing Dixon's claims. From the order dismissing her claims, as well as a subsequent order awarding attorneys' fees to the Gists, Dixon appeals, arguing that the trial court's conclusions that her claims were subject to dismissal were erroneous. With respect to Dixon's claims arising from the allegedly fraud-induced conveyance of real property, we disagree with Dixon and conclude that the trial court properly dismissed those claims. However, we agree with

Dixon that the trial court erroneously dismissed her constructive fraud and related claims arising from the allegedly fraudulent withdrawal of money from her bank account.

A motion for judgment on the pleadings pursuant to North Carolina Rule of Civil Procedure 12(c) should only be granted when "the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). When ruling on a motion for judgment on the pleadings, "[a]ll well pleaded factual allegations in the nonmoving party's pleadings are taken as true," and "[t]he trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). Further, the trial court is to consider "only the pleadings and any attached exhibits, which become part of the pleadings." *Minor*, 70 N.C. App. at 78, 318 S.E.2d at 867. On appeal, we review a trial court's ruling on a motion for judgment on the pleadings *de novo. Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335, *disc. review denied*, 360 N.C. 78, 623 S.E.2d 263 (2005).

[1] In this case, Dixon's claims arising from the allegedly fraud-induced conveyance of real property—asserted in her initial complaint filed 20 September 2010, and reasserted in her 20 April 2011 complaint filed after voluntary dismissal of the initial complaint—were properly dismissed because the pleadings show that these claims were filed after the expiration of the three-year statute of limitations. *See N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 80, 240 S.E.2d 345, 349 (1978) (holding that judgment on the pleadings is proper if it appears from the pleadings "that the plaintiff's right to recover is barred by the lapse of time"); *see also* N.C. Gen. Stat. § 1-52(9) (2011) (three-year statute of limitations for claims of fraud). In her complaint, Dixon alleges that in June 2007 the Gists persuaded Dixon to accompany them to an attorney's office for a meeting about selling property to the Gists, at which meeting Dixon was told she had to sign a document "in order to speak with the attorney," "was handed a document that was substantially blank," and was told to sign; the document was the deed to property owned by Dixon, according to her complaint. Dixon alleges that she "remained personally unaware" of the conveyance until June 2010, despite the fact that the Gists had built a home on the conveyed property in 2007.

DIXON v. GIST

[219 N.C. App. 630 (2012)]

Assuming the truth of Dixon's allegation that she was actually unaware of the conveyance until June 2010, we nevertheless conclude that the claims are barred by the statute of limitations because the allegations presented by the Gists in their answer (supported by attached exhibit evidence) show that, in the exercise of due diligence, Dixon should have discovered the alleged fraud by July 2007. *See Piles v. Allstate Ins. Co.*, 187 N.C. App. 399, 403-04, 653 S.E.2d 181, 185 (2007) (cause of action for fraud accrues when claimant should have discovered the fraud in the exercise of due diligence), *disc. review denied*, 362 N.C. 361, 663 S.E.2d 316 (2008). The exhibits attached to the Gists' answer show that Dixon was present at the 16 July 2007 meeting of the Lexington, North Carolina planning board, at which meeting (1) the planning board discussed rezoning the property in question, (2) it was explained to the planning board that the property was owned by the Gists, and (3) it was stated that Dixon "previously owned the [property] recently purchased by [the Gists]." In our view, and assuming *arguendo* that Dixon was actually unaware of the conveyance, Dixon should have discovered that she had conveyed the property to the Gists, and thus, have discovered the alleged fraud, at least by the time of the 16 July 2007 planning board meeting, where Dixon was present for a discussion of the conveyance and the Gists' ownership of the property. Because Dixon's initial complaint was filed in September 2010, more than three years after her cause of action accrued in July 2007, we conclude that Dixon's claims arising from the conveyance of property to the Gists were filed after the applicable statute of limitations expired and, thus, were properly dismissed.

[2] However, regarding those claims arising from the allegedly fraudulent withdrawal of money from Dixon's bank account, we conclude that Dixon has sufficiently pled within the statute of limitations claims for (1) constructive fraud based on breach of a fiduciary duty, (2) civil conspiracy, and (3) conversion.[1]

---

1. We note that the statute of limitations for the constructive fraud claim regarding the withdrawal of money from Dixon's account is subject to a ten-year statute of limitations. *Adams v. Moore*, 96 N.C. App. 359, 362, 385 S.E.2d 799, 801 (1989) (noting that "the ten-year statute of limitations under [N.C. Gen. Stat. §] 1-56 applies to *constructive* fraud claims based upon a breach of fiduciary duty" (emphasis in original)), *disc. review denied*, 326 N.C. 46, 389 S.E.2d 83 (1990); *see also* N.C. Gen. Stat. § 1-56 (2011). This ten-year statute of limitations does not apply to the claims arising from the allegedly fraud-induced conveyance of property because those claims are for actual fraud based on specific misrepresentations rather than constructive fraud based on the abuse of a confidential relationship. *Forbis v. Neal*, 361 N.C. 519, 528-29, 649 S.E.2d 382, 388 (2007) (noting that constructive fraud differs from actual fraud in that it is based on a confidential relationship rather than a specific misrepresentation).

As for this first claim, a fiduciary relationship can be found to exist "anytime one person reposes a special confidence in another, in which event the one trusted is bound to act in good faith and with due regard to the interests of the other," *Adams*, 96 N.C. App. at 362, 385 S.E.2d at 801, and a claim for constructive fraud based upon a breach of such a relationship is sufficiently pled "by alleging facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Terry*, 302 N.C. at 85, 273 S.E.2d at 679 (brackets in original) (internal quotation marks omitted) (quoting *Rhodes*, 232 N.C. at 548-49, 61 S.E.2d at 725).

In this case, Dixon has alleged that a fiduciary relationship existed between her and the Gists by virtue of the Gists "becoming joint account holders on [Dixon's] primary banking account with the purported purpose of helping [Dixon] with her daily necessities and monthly obligations." Dixon supports this allegation with assertions that (1) the Gists told Dixon that "it would be in her best interest to add them as signatories on her [] bank checking account so that they could make purchases for her with her debit card and/or write checks from her bank account"; (2) the Gists were, in fact, added to Dixon's account; and (3) the Gists helped take care of Dixon's "daily needs" between June 2007 and June 2010. Assuming their truth, as must be done when considering a motion for judgment on the pleadings, *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499 (noting that factual alle-

Although Dixon labels those claims as claims arising from constructive fraud, the crux of the claims is that the Gists misrepresented the purpose of the meeting with the attorney and the nature of the "substantially blank" document that Dixon was required to sign. *See Terry v. Terry*, 302 N.C. 77, 84, 273 S.E.2d 674, 678 (1981) (limiting analysis of claim to constructive fraud where "[t]he gist of the complaint" was constructive fraud rather than actual fraud); *see also Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979) (holding that in determining the sufficiency of a claim, the focus is on the "wrong complained of" not the "incorrect choice of legal theory"). Unlike Dixon's fraudulent withdrawal claims, which, as discussed *infra*, allege facts and circumstances showing a fiduciary relationship established between the parties by the Gists' "becoming joint account holders on [Dixon's] primary banking account," Dixon's fraud-induced conveyance claims do not allege, beyond vague averments of trust and confidence, the existence of some other fiduciary relationship between Dixon and the Gists and the abuse of that relationship by the Gists in procuring the conveyance. *Cf. Terry*, 302 N.C. at 83, 273 S.E.2d at 677 (in stating a cause of action for breach of a fiduciary relationship, "it is not sufficient for [a] plaintiff to allege merely that [the] defendant had won his trust and confidence and occupied a position of dominant influence over him" (quoting *Rhodes v. Jones*, 232 N.C. 547, 548-49, 61 S.E.2d 725, 725 (1950))). As the fraud-induced conveyance claims only sufficiently allege actual fraud, the three-year statute of limitations of section 1-52(9) applies to those claims.

gations in the nonmoving party's pleadings are taken as true), these facts alleged by Dixon, along with any permissible favorable inferences, are sufficient at least to raise an issue of fact as to whether a fiduciary relationship existed between the parties with respect to the joint bank account. *Cf. Moore v. Bryson*, 11 N.C. App. 260, 265, 181 S.E.2d 113, 116 (1971) (holding that there is at least a triable issue regarding the existence of a fiduciary relationship where an "individual" "undertook to manage and generally control [property] for the benefit of [the property's co-owners], causing them to repose special faith, confidence and trust in him to represent their best interest with respect to the property"; also holding that "while a fiduciary relationship ordinarily does not arise . . . from the simple fact of [the parties'] cotenancy, such a relationship may be created by their conduct, as where one cotenant assumes to act for the benefit of his cotenants" (internal quotation marks omitted)); *cf. also HAJMM Co. v. House of Raeford Farms, Inc.*, 94 N.C. App. 1, 11, 379 S.E.2d 868, 874 (1989) (noting that "[t]he existence of a fiduciary relationship is not contingent upon a technical or legal relationship"), *aff'd in part and modified and reversed on other grounds*, 328 N.C. 578, 403 S.E.2d 483 (1991). Further, assuming the truth of Dixon's allegations that, in 2009, the Gists began transferring "the funds from [Dixon's] bank account into other accounts in the sole name of the [Gists], ultimately transferring roughly ninety percent [] of [Dixon's] funds out of her account and into accounts of [the Gists] over which [Dixon] had no control," we must conclude that Dixon has sufficiently pled facts on her claim that the Gists committed constructive fraud by breaching their fiduciary duty to Dixon. *See Forbis*, 361 N.C. at 529-30, 649 S.E.2d at 388-89 (holding that where the defendant-fiduciary "allegedly divested [the plaintiff-beneficiaries] of almost all their assets" and, therefore, obtained a "benefit through the alleged abuse of the confidential or fiduciary relationship," the plaintiff-beneficiaries are entitled to "a presumption that constructive fraud occurred"). As Dixon's complaint sufficiently asserted a claim for constructive fraud based upon a breach of fiduciary duty within the applicable statute of limitations, dismissal of that claim, as well as dismissal of the related claim of civil conspiracy to commit constructive fraud, was improper.

We likewise conclude that, based on the above-discussed allegations, Dixon's conversion claim, along with its related civil conspiracy claim, arising from the Gists' alleged unlawful transfers of money from Dixon's bank account beginning in 2009 was (1) sufficiently pled, and (2) asserted within the applicable statute of limitations. *See Stratton v. Royal Bank of Can.*, ___ N.C. App. ___, ___, 712 S.E.2d

DIXON v. GIST

[219 N.C. App. 630 (2012)]

221, 227 (2011) ("A conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the . . . exclusion of an owner's rights. Conversion claims are subject to a three-year limitation period under [section 1-52(4)]." (internal citations and quotation marks omitted)); *see also* N.C. Gen. Stat. § 1-52(4). This is so despite the Gists' allegation that Dixon confirmed that the Gists had none of Dixon's property or money in June 2010—which allegation contradicts various allegations in Dixon's complaint and is, thus, assumed to be untrue. *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499 ("All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false.").

Based on the foregoing, we reverse the trial court's dismissal of Dixon's claims for constructive fraud, civil conspiracy, and conversion related to the Gists' alleged improper withdrawal of money from Dixon's account. However, we hold that the trial court did not err in dismissing those claims arising from Dixon's allegedly fraud-induced conveyance of real property to the Gists, *i.e.*, the related claims for fraud, civil conspiracy, undue influence, and declaratory judgment. Further, because we are reversing a portion of the trial court's order dismissing Dixon's complaint, we vacate the court's order awarding attorneys' fees based on the trial court's conclusion that all of Dixon's claims were frivolous, but instruct the court that it may reconsider the award of attorneys' fees in light of our holding and any future determinations by the trial court regarding the merits of Dixon's surviving claims.

AFFIRMED in part; REVERSED in part; VACATED in part.

Chief Judge MARTIN and Judge HUNTER, ROBERT C. concur.